City of Pekin *v.* Reynolds.

## THE CITY OF PEKIN

*v.*

## JOHN H. REYNOLDS.

1.   DEMAND *of payment — municipal corporations.*   If a coupon given for interest upon a bond executed by a city, could, in any event, draw interest in the absence of an express agreement, it could only be after a proper demand of payment.

2.   And though the city may have made the coupons, in terms, payable at another place than its treasury, yet, unless it had express legislative authority so to do, it was still payable only at the treasury, and the demand of payment should be made there.

3.   MUNICIPAL CORPORATIONS — *where their debts are payable.*   Municipal corporations cannot bind themselves to pay their indebtedness at any other place than at their treasury, unless specially authorized by legislative enactment.

| 31 | 529 |
| 38a | 402 |
| 31 | 529 |
| 149 | 597 |
| 31 | 529 |
| 46a | 615 |
| 31 | 529 |
| 53a | 249 |
| 54a | 407 |
| 31 | 529 |
| 164 | 357 |
| 31 | 529 |
| 169 | 40 |
| 71a | 205 |
| 31 | 529 |
| 80a | 167 |
| 31 | 529 |
| 180 | 246 |
| 31 | 529 |
| 87 | 481 |
| 31 | 529 |
| 101a | ³332 |
| 101a | ²335 |
| 31 | 529 |
| 209 | ⁴163 |

4. INTEREST — *against whom recoverable.* But, there being no agreement on the subject, the city is not liable to pay interest upon its coupons, at all.

5. At common law, interest was not allowed in any case. It is the creature of the statute alone.

6. And it is held, that cities and towns, as it has heretofore been held in reference to the State and counties, not being mentioned in the statute regulating interest, are not within its provisions so as to be required to pay interest on their indebtedness.

7. So that, whatever power cities may possess to contract for the payment of interest, in the absence of express legislation on the subject, their indebtedness, without such agreement, does not bear interest.

WRIT OF ERROR to the Circuit Court of Peoria county; the Hon. A. L. MERRIMAN, Judge, presiding.

The city of Pekin, having subscribed the sum of one hundred thousand dollars to the capital stock of the "Illinois River Railroad Company," on the 1st day of January, 1857, made certain bonds for the sum of one thousand dollars each, payable to said company or bearer for a portion of such subscription.

The bonds were made payable twenty years after their date, with interest thereon at the rate of eight per cent. per annum from date, payable semi-annually, on the first days of January and July in each year at the American Exchange Bank in the city of New York, on the presentation and surrender of the proper coupons thereto attached. The coupons were in the following form:

"The City of Pekin will pay the bearer, at the American Exchange Bank, in the City of New York, on the first day of [January, 1861,] forty dollars, interest due on their bond No. [43.]

M. TACKABERRY, *Mayor.*"

John H. Reynolds, the defendant in error, having become the holder and and owner of some of these bonds, with the coupons attached, presented the coupons that were due, to the American Exchange Bank for payment, which was refused.

It does not appear that the payment of the coupons was ever demanded from the city of Pekin.

Reynolds instituted in the Circuit Court of Tazewell county, an action of debt against the city of Pekin, on the 22nd day of August, 1862, for the recovery of the amount of the coupons which had become due, and the payment of which had been refused by the American Exchange Bank.

The plaintiff claimed that interest was recoverable upon these coupons, but there was no averment of a demand of payment of the coupons from the defendant.

The defendant pleaded *nil debet.* The cause was taken, upon change of venue, to the Circuit Court of Peoria county, where such proceedings were had, that Reynolds, the plaintiff below, recovered a judgment against the defendant, for the sum of $1,280, debt, which was the amount of the coupons sued upon, and $90.68 damages, which was for interest on the amount of the coupons from the time they became due.

The defendant thereupon sued out this writ of error, and presents the question, whether interest was recoverable from the city of Pekin, upon the coupons.

Messrs. John B. Cohrs, and S. D. Puterbaugh, for the plaintiff in error.

Messrs. Johnson & Hopkins, for the defendants in error.

Mr. Justice Walker delivered the opinion of the Court.

There was no averment of a demand upon the city treasurer for payment of these coupons, in this declaration. If such instruments could, in any event, draw interest without an express agreement, it could only be after a proper demand of payment. Until a demand is made, such a body is not in default. They are not like individuals, bound to seek their creditors, to make payment of their indebtedness. It was held, in the case of the *People ex rel.* v. *Tazewell County*, 22 Ill. 147, that municipal corporations could not even bind themselves to pay their indebtedness at any other place than at their treasury, unless specially authorized by legislative enactment. That their debts were payable at the treasury

of the body. The same rule was adhered to in the case of *Johnson* v. *Stark County*, 24 Ill. 75. And we see no reason for overruling or modifying the rule. This declaration was insufficient, therefore, to authorize the recovery of interest on these coupons, if they could even, in any event, bear interest. But we may go further, as it was held in the case of *Madison County* v. *Bartlett*, 1 Scam. 67, that the State and counties were not liable to pay interest upon their warrants or orders. The court placed it upon the ground that counties were corporations, with limited powers, and it must be presumed that they had employed all their means to cancel their indebtedness. That only being authorized to levy taxes to a limited extent, the presumption would be, that they had exhausted their power of taxation without producing the necessary means to pay the debt. That, as States and counties are not named in the statute regulating interest, the inference is, that they were not designed to be required to pay interest on their indebtedness.

At the common law, interest was allowed in no case. 6 Jacob Law Dic. 373. It is the creature of the statute alone, and to it we must look for authority for its allowance. If not authorized by the statute it cannot be recovered. It seems to us that all the reasons why a State or county should not be liable for interest, apply with equal force to a city or town. They are municipal bodies created for public purposes, and with limited powers of taxation. And must be presumed to have exhausted all of their powers of taxation for the payment of their debts, and are not in default when they fail to pay. Nor are they named in the act regulating interest on indebtedness. Whatever power they may possess to contract for the payment of interest, in the absence of express legislation on the subject, we are of the opinion that their indebtedness, in the absence of such agreement, does not bear interest.

The judgment of the court below must be reversed, and the cause remanded.

*Judgment reversed.*