# THE CITY OF DANVILLE

*v.*

# THE DANVILLE WATER COMPANY.

*Opinion filed June 17, 1899.*

1. CORPORATIONS—*a water company is a quasi public corporation.* A corporation organized under the general law to operate a system of water-works is a *quasi* public corporation and owes the duty of furnishing water at reasonable rates, compliance with such duty being enforcible by the State, acting through its chosen agencies.

2. CONSTITUTIONAL LAW—*subject of the act of 1891 is sufficiently expressed in its title.* The purposes of the act of June 6, 1891, (Laws of 1891, p. 85,) to enable municipal corporations to regulate water rates, are sufficiently expressed and included in the title.

3. SAME—*act of 1891 is not an amendment of city charters.* The act of June 6, 1891, (Laws of 1891, p. 85,) is not an amendment of the charters of municipal corporations nor a restriction upon the right of corporations organized to furnish water supply, but merely delegates to municipal corporations authority to exercise a governmental power which the legislature could have exercised directly.

4. MUNICIPAL CORPORATIONS—*power to regulate water rates is a continuing one.* The power delegated to municipal corporations to regulate rates for water supplied by a corporation is not exhausted by the first or any subsequent exercise thereof, but is a continuing one, which may be exercised when needed to prevent extortion.

5. SAME—*ordinances fixing maximum water rates do not create any indebtedness.* Ordinances enacted for the purpose of regulating the maximum sums to be paid annually for a supply of water do not, within themselves, create any indebtedness, but merely establish, subject to review by the courts, that a greater sum cannot lawfully be exacted for that commodity.

6. SAME—*appropriation ordinance may be passed any time during first quarter of fiscal year.* The passage of the annual appropriation ordinance at any time within the first quarter of the fiscal year answers the requirements of the statute, and prior to its passage the city may, during such quarter, enter into any contract or incur any lawful expense, and include the appropriation therefor in the ordinance thereafter enacted within the required time.

7. SAME—*when interest cannot be charged against municipal corporation.* A municipal corporation is not chargeable with interest on claims against it, in the absence of express agreement, except where money is wrongfully obtained and illegally withheld by it.

CARTWRIGHT, C. J., and PHILLIPS and CRAIG, JJ., dissenting.

WRIT OF ERROR to the Circuit Court of Vermilion county; the Hon. F. BOOKWALTER, Judge, presiding.

This is a writ of error sued out to reverse the judgment entered in the circuit court of Vermilion county against the plaintiff in error city, in favor of the defendant in error company, in an action of assumpsit.

In substance the declaration recites that the Danville Water Company is incorporated under the general laws with reference to private corporations, and that the city of Danville is incorporated under the general laws with reference to municipal corporations; that on November 11, 1882, the city council passed an ordinance giving the water company the privilege of carrying on the business of supplying the city and its inhabitants with water, and giving it the right to use the streets and alleys for the laying of pipes, etc., which ordinance is set forth in *hæc verba*, and contains provisions as to the details of the work, the locations of hydrants, the rates to private consumers, and other matters, and in section 8 reads: "The city of Danville hereby rents of the Danville Water Company, for the uses hereinafter stated, one hundred fire hydrants of the character hereinbefore described, for and during the term of thirty years from the passage of this ordinance, * * * and agrees to pay rent for said one hundred hydrants at the rate of $75 each per year, and agrees to pay during the unexpired term of said ordinance, and privilege for any additional fire hydrants which the city may hereafter locate, at the rate of $62.50 each per year for the next forty additional hydrants, and for all fire hydrants in excess of one hundred and forty at the rate of $50 each per year;" that afterwards, from time to time, by various ordinances, which are also set forth in *hæc verba*, other hydrants were rented for the balance of the term of thirty years, at various prices, from $62.50 to $40 each per annum, until the number reached one hundred and fifty-eight, as follows: Ordinance passed

November 11, 1882, one hundred; June 7, 1883, one; August 7, 1884, two; April 1, 1885, four; June 19, 1890, five; August 20, 1890, three,—a total of one hundred and fifteen; ordinance passed September 3, 1891, three; November 5, 1891, one; October 20, 1892, two; June 21, 1894, thirty-one; October 18, 1894, six,—a total of one hundred and fifty-eight; that these ordinances make use of this language: "And the city of Danville hereby rents of the Danville Water Company the said additional.......fire hydrants," etc., "and agrees and binds itself to pay therefor at the rate of ........dollars per annum," the blanks being filled with the number and price; that the ordinance of June 21, 1894, makes a reduction in price from $62.50 to $50 for certain hydrants and from $50 to $40 for future hydrants; that each of the ordinances contained a provision that a written acceptance should be filed within ten days, and the declaration avers such acceptance; that the plaintiff built its water-works and made extensions from time to time, in pursuance of the terms of said several ordinances; that from August 1, 1895, to November 1, 1895, it supplied water to each of said hydrants, and that in accordance with the several ordinances there is due it $2620.62; that the city promised to pay this, but has neglected, wherefore it brings suit.

The plaintiff in error (the defendant below) filed pleas, as follows:

*First special plea*—As to all except $1930, parcel of the several sums of money in the declaration mentioned, defendant says that plaintiff was engaged in the public business of supplying water to the city and its inhabitants, and that on January 19, 1895, the city council, under authority of an act approved June 6, 1891, (Laws of 1891, p. 85,) passed an ordinance known as ordinance No. 517, declaring the rents and rates mentioned in the ordinances set forth in the declaration to be unreasonable and oppressive, and fixing the rental for said one hundred and fifty-eight hydrants at the following rates which said

ordinance declared to be just and reasonable, viz., $50 per annum for the first one hundred and forty hydrants and $40 per annum for the next eighteen hydrants, making a total of $1930 for the quarter ending November 1, 1895; that this new rate went·into effect May 1, 1895, and the company was duly notified in January, 1895, of the passage of the ordinance, and of an offer of the city to enter its appearance in the circuit court of Vermilion county at the February term, 1895, if the company should deem the new rate unreasonable; wherefore the rates for said water so furnished are $1930, and no greater sum, and this the defendant is willing to pay.

*Second special plea*—Is as to all except $1930, parcel, etc., and is the same in substance as the first, except that it contains the additional allegations that the rates fixed in the original ordinances are now, and were at the time they were fixed, unjust, unreasonable and excessive, and in excess of the reasonable compensation for said service, and that said rates were voidable at the option of said city, and that the city, by virtue of the statute aforesaid, as well as by virtue of other competent legal authority, passed said ordinance No. 517, which is set forth in *hœc verba;* wherefore the plaintiff is entitled to receive no greater sum than $1930.

*Third special plea*—As to said $1930, etc., avers a tender of a city warrant prior to the institution of the suit.

*Fourth special plea*—As to the whole cause of action alleges that neither at the time of the passage of the ordinances mentioned in the amended declaration, nor at any other time before or at the time of creating the indebtedness claimed, was any provision made for the collection of a direct annual tax sufficient to meet the same or any part of said alleged indebtedness as it fell due, in manner and form as required by section 12 of article 9 of the constitution of this State.

*Fifth special plea*—As to the whole cause of action alleges that there was no compliance with section 4 of

article 7 of the City and Village act, which provides that no contract shall be made by the city council unless an appropriation shall have been previously made concerning such expense.

A general demurrer was interposed to each of the special pleas. The court sustained the demurrer to each of the pleas and the city elected to stand by its pleas. The court entered judgment *nihil dicit*, and assessed the damages at $2679 and costs, (which is $2620.62 with five per cent interest to date,) and entered judgment accordingly, to each of which holdings and judgments the city then and there excepted.

The errors assigned are, the court erred in sustaining a demurrer to the special pleas numbered 1, 2, 4 and 5; the court erred in entering judgment against the defendant; the court erred in entering judgment against the defendant for interest.

G. F. REARICK, City Attorney, (CALHOUN & STEELY, of counsel,) for plaintiff in error:

The water company took its charter subject to such legislation as the State might enact, and the city council could make no contract which would abridge the power of amendment and regulation reserved to the State. *Railway Co.* v. *Sioux City*, 138 U. S. 98.

All contracts entered into and resulting from the act of incorporation and its acceptance must be deemed to have been entered into by both parties subject to that reservation. *Story* v. *Plank Road Co.* 16 N. J. Eq. 13.

Even when the language of the charter is sufficient to amount to a contract, alterations may be made, where the power is reserved. *Railway Co.* v. *Philadelphia*, 101 U. S. 528.

The authority to contract does not give the right to make every kind of a contract, but only such as is necessary and usual, fit and proper, to enable the corporation to carry into effect the purposes for which it was created. 1 Dillon on Mun. Corp. sec. 443.

The council has no authority to make a contract which will impair its own legislative power.   (Cooley's Const. Lim. 206; 15 Am. & Eng. Ency. of Law, 1045; 1 Beach on Public Corp. sec. 554.)   Nor any contract which would impair the power of control reserved by the State over the private corporation with which the city is dealing. *Railway Co.* v. *Sioux City,* 138 U. S. 98; *Story* v. *Plank Road Co.* 16 N. J. Eq. 13.

W. R. LAWRENCE, and REMY & MANN, for defendant in error:

Ordinance 517, set up in the first and second pleas, is invalid because it impairs the obligation of the contracts entered into by the city of Danville and the defendant in error. *Water Co.* v. *Bridgeport,* 55 Conn. 1; *Water-Works Co.* v. *Camden,* 80 Me. 544; *Water-Works Co.* v. *Rivers,* 115 U. S. 674; *Water Co.* v. *Water-Works Co.* 120 id. 64.

The right of regulation reserved in section 9 of chapter 32, concerning corporations, does not give the legislature the right to impair contracts which may have been entered into prior to the passage of the regulating act. *Stone* v. *Mississippi,* 101 U. S. 814; *Sinking Fund cases,* 99 id. 700; *Water-Works Co.* v. *Schottler,* 110 id. 347; 2 Morawetz on Private Corp. secs. 1101, 1102, 1105, 1112.

The act of June 6, 1891, (Hurd's Stat. 1898, p. 305, sec. 267 *f,*) is not an act intended to amend the charter of any corporation organized under the general act, and if it is so intended it is unconstitutional and void, because such purpose is not set forth in its title.   Const. 1870, art. 4, sec. 13; *Lake* v. *Rosehill Cemetery Co.* 70 Ill. 191.

A State cannot impair a contract under a claim of right to exercise the police power, unless there has been an attempt, by the contract, to barter away the legislative right to restrain acts which are prejudicial to the peace, good order, health or morals of the citizens. *Walla Walla* v. *Water Co.* 172 U. S. 1; 1 Dillon on Mun. Corp. 142; *Gas Co.* v. *Light Co.* 115 U. S. 650; *Water-Works Co.* v. *Rivers,*

id. 674; 2 Morawetz on Private Corp. secs. 1101, 1102, 1112; *Sinking Fund cases*, 99 U. S. 740; *Railroad Co.* v. *Maine*, 96 id. 511; *Water Co.* v. *SanBuenaventura*, 56 Fed. Rep. 339.

The right to be a body corporate implies the right to act in the same manner as a co-partnership in carrying on its legitimate business; and therefore it may, enter into any contract which is reasonably adapted to further the enterprise for which it was chartered. 1 Morawetz on Private Corp. sec. 336.

The contract contained in the ordinances was not such as required an appropriation to be made at or before the time they were passed. *Kankakee* v. *McGrew*, 178 Ill. 74.

It was not necessary to claim interest by a special count, and interest was properly allowed as an incident to the debt, under the written contract.

Mr. JUSTICE BOGGS delivered the opinion of the court:

There is no force in the position the title to the act of June 6, 1891, which act is relied upon to confer upon the city council authority to adopt the ordinance set forth in pleas Nos. 1 and 2, does not express the subject embraced in the act. The defendant in error is a corporation engaged in an enterprise essentially public in its nature. Its property and its efforts are devoted to a use in which the public has an interest. It was granted corporate existence to enable it to serve the public. It is not a private corporation, but is *quasi* public. The duty devolves upon it to furnish water for reasonable compensation and without unjust discrimination, and the power resides in the State, acting in its sovereign capacity, to enforce the performance of this duty. (*Rogers Park Water Co.* v. *Fergus*, 178 Ill. 571; *City of Danville* v. *Danville Water Co.* 178 id. 299.) The State, by the enactment of June 6, 1891, (Hurd's Stat. 1897, p. 305, par. 267*f*,) selected the corporate authorities of all incorporated cities, towns and villages as agencies of the State to exercise, by delegation, the power possessed by the State to secure

observance and performance of this duty on the part of any corporation having power and authority to supply water to such municipalities or the inhabitants thereof. The act is not amendatory of the charter of the plaintiff in error city or the defendant in error company. It added nothing to the chartered powers of the former and detracted nothing from such powers of the latter. It merely clothed the city with authority, as the representative of the State, to exercise a governmental power by delegation,—a power which the State could have lawfully exercised directly had the legislative department deemed that the better course. The purposes of the act are fully embraced within the title, which is: "An act to enable cities, towns and villages incorporated under any general or special law of this State to fix the rates and charges for the supply of water furnished by any individual, company or corporation to any such city, town or village and the inhabitants thereof."

In the case of this plaintiff in error, as appellant, against this defendant in error, as appellee, (178 Ill. 299,) the parties presented to this court the question of the legal sufficiency of two pleas identical in every respect with special pleas Nos. 1 and 2 involved in this record. We then ruled the pleas were not obnoxious to demurrer, but presented legal and sufficient grounds of defense. The principles of law there involved and the material facts set forth in those pleas being the same as presented in this record, we must hold, upon the authority of the decision rendered in that case, the court erred in sustaining the demurrer to the said special pleas Nos. 1 and 2.

It appears from the declaration the city of Danville, by an ordinance adopted in June, 1894, and but about seven months prior to the adoption of the ordinance of January 19, 1895, and relied upon in the pleas, ordered additional hydrants, fixed reduced rates therefor as compared with the rates established by prior existing ordinances for other hydrants, and provided that the

ordinance should not be construed to affect in any way the rates fixed by such prior ordinances for said other hydrants. Counsel argue this ordinance of June, 1894, recognized that the rates fixed for the rental of hydrants by such prior ordinances were reasonable and acceptable to the city, and that the enactment of the ordinance of January, 1895, within but seven months thereafter, reducing the rentals as fixed by such prior ordinances, and also reducing the rentals as to a portion of the hydrants authorized to be supplied by the ordinance of June, 1894, is an unreasonable and capricious exercise of any power and authority possessed by the council. Observations of this court in *Rogers Park Water Co.*v. *Fergus, supra,* (at p. 579,) are here in point: "A rate or price reasonable and just when fixed may, in the future, become so unreasonably high that the exaction of such rate or price is but an extortion. The duty of the corporation does not, however, change, but remains the same,—that is, to exact only reasonable compensation. The power of the State to enforce that duty is not exhausted by its exercise in the first or any subsequent instance, but is continuous, and may be exerted from time to time, whenever necessary to prevent extortion by the agency created by the State to serve the public. Whenever the evil of extortion exists the power to eradicate it may be successfully invoked. In the exercise of that power by the State, * * * there is no admixture whatever of any contractual element, nor does the corporation against whom the power is exercised obtain any vested property interest or property right in the scale of rates deemed at any particular time to be reasonable maximum prices for the article to be supplied by the corporation." Moreover, the act investing the city with the power exercised in the adoption of the ordinance of January, 1895, expressly provides the scale of rates and charges fixed by ordinance, if deemed unreasonable by the water company affected thereby, may be reviewed and determined by the

circuit court of the county in which the city or town is situate. It may also be remarked the ordinance of January, 1895, provided the rates therein specified should not go into effect until the first day of May, 1895, and also, that if the water company desired to submit to the circuit court the question of the reasonableness of the rates as reduced, the corporation counsel of the city should enter the appearance of the city to any such application on the part of the water company, and should join in submitting the question to the circuit court at the February term thereof.

The court correctly ruled the demurrer to the fourth special plea was well taken. The obligation of a city, under an ordinance fixing the reasonable rate of annual rental to be paid for water hydrants, does not create that character of indebtedness contemplated by section 12 of article 9 of the constitution of 1870, to pay which that section requires a direct annual tax shall be provided at the time of incurring the indebtedness. Said section of the constitution, in the respect under consideration, has reference to indebtedness the amount whereof has become fixed and absolute and the payment thereof deferred to a stated period in the future. (*Town of Kankakee* v. *McGrew*, 178 Ill. 74.) Ordinances enacted for the purpose of regulating the maximum sums to be paid annually for a supply of water do not, within themselves, create any indebtedness, but merely establish, subject to review by the courts, that a greater sum than the rate fixed cannot be lawfully exacted for that commodity.

The demurrer to the fifth special plea was also properly sustained. Section 4 of article 7 of chapter 24 of the Revised Statutes, entitled "Cities," etc., invoked by the plea as forbidding the enactment of the ordinances involved in the pleadings, must be considered in connection with the preceding sections of the article. So construed, it is manifest its provisions do not operate to prohibit the incurring of expenses or the making of contracts in

all cases unless an appropriation shall have been previously made concerning such expenses. Section 1 of the article establishes the beginning of the fiscal year of the municipality. Section 2 makes it the duty of the city council to pass a general annual appropriation bill within the first quarter of such fiscal year. The passage of such annual appropriation bill at any time within the first quarter of the fiscal year answers the demands of the statute. Within that period of first quarter of the fiscal year which may ensue prior to the passage of an annual appropriation bill or ordinance, the city council may enter into any contract and incur any expense not otherwise unlawful without an appropriation therefor having been previously made, but may include the appropriation therefor in the general appropriation bill to be thereafter enacted within the said first quarter of the fiscal year. Section 4 has the effect to prohibit the incurring of liability or expense during the fiscal year after the passage of the annual appropriation bill unless the object of the expenditure or liability shall have been included within the annual appropriation ordinance, except as to expenditures the necessity whereof is caused by some casualty or accident, within the meaning of the proviso to section 3 of the act. Though denominated rental of hydrants, that for which the compensation here sought to be recovered was to be made was the water taken from the hydrants during annual periods and used during the year. The amount of such compensation constituted a necessary annual expense of the city. As to such expenditures it is only necessary one appropriation therefor shall be included in the annual appropriation bill. The ordinance adopted in January, 1895, expressly provided the reduction in the rentals of the hydrants should take effect May 1, 1895. As the fiscal year of the plaintiff in error city, so far as this record discloses, began at the date established by law for the annual election of city officers, viz., the third Tuesday in April, the reduced rates related

only to the prices to be paid for water taken during the succeeding fiscal year, and the city council had had ample time during the first quarter of such fiscal year to which the ordinance had reference, to make an appropriation to cover the cost of the water to be supplied under the terms of that ordinance. *Kimble* v. *City of Peoria*, 140 Ill. 157.

It was error to include an award of interest in the judgment. "A municipal corporation, under the uniform ruling of this court, is not chargeable with interest on claims against it, in the absence of express agreement therefor, the only exception being where money is wrongfully obtained and illegally withheld by it.—See *Vider* v. *City of Chicago*, 164 Ill. 354, citing *City of Pekin* v. *Reynolds*, 31 Ill. 529, and *City of Chicago* v. *People*, 56 id. 327." (*City of Peoria* v. *Construction Co.* 169 Ill. 36.)

For the reasons indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*

CARTWRIGHT, C. J., and CRAIG and PHILLIPS, JJ., dissenting.