## A. B. Hoblit, Adm., v. The City of Bloomington.

1. INTEREST—*Liabilities of Cities.*—A city is not chargeable with interest on claims against it, in the absence of an express agreement, except where money is wrongfully obtained and illegally withheld.

2. SAME—*Where Money is Not Wrongfully Obtained and Illegally Withheld.*—Where money is lawfully collected by special assessment for a street improvement and paid over to the treasurer, the city is not liable to pay interest upon it, because it is withheld from the contractor who does the work.

Assumpsit, for money had and received. Error to the Circuit Court of McLean County; the Hon. JOHN H. MOFFETT, Judge, presiding. Heard in this court at the November term, 1899. Affirmed. Opinion field February 27, 1900.

Statement.—This was an action of assumpsit by the plaintiff in error to recover interest on $6,497.90, due his intestate on a contract for paving two streets in the city of

Bloomington, which had been collected by special assessment and wrongfully withheld by the city.

The paving work was completed and accepted in October, 1889. The collection of the special taxes, levied for the improvement, was completed in 1893. In the meantime the contractor, E. B. Steere, died. The administrator of his estate presented special tax vouchers for the money to the city treasurer on the 1st of September, 1893, and demanded payment. Payment was refused, under instructions from the city counsel, upon the ground of alleged defects in the paving work. After considerable caviling, $4,252.57 was paid on May 23, 1894, and $2,171.64 on November 14, 1894. After the last payment was made, plaintiff in error demanded interest on the entire amount from September 1, 1893, to May 23, 1894, and interest on $2,171.64 from May 23, 1894, to November 14, 1894, which was refused. This suit followed. Upon a trial by the court, a jury being waived, judgment was rendered by the court in favor of the city.

A. E. DeMange, attorney for plaintiff in error.

William R. Bach, attorney for defendant in error; Sigmund Livingston, of counsel.

Mr. Justice Harker delivered the opinion of the court.

As we view one of the questions involved in this controversy, its decision is conclusive of the case. Is a city liable for interest on money collected by special assessment for street improvement which it has wrongfully withheld from the contractor who did the work?

Plaintiff in error bases his claim for interest on that part of section 2, chapter 74, of the Revised Statutes, which provides that creditors shall be allowed interest at the rate of five per cent per annum " on money withheld by an unreasonable and vexatious delay of payment." The section does not apply to municipal corporations. Under the uniform holding of our Supreme Court, a city is not chargeable with

interest on claims against it, in the absence of an express agreement, except where money is wrongfully obtained and illegally withheld by it. City of Pekin v. Reynolds, 31 Ill. 529; City of Chicago v. The People ex rel., etc., 56 Ill. 327; Vider v. City of Chicago, 164 Ill. 354; City of Peoria v. The Fruin Bambrick Construction Co., 169 Ill. 36; City of Danville v. The Danville Water Co., 180 Ill. 235.

It is contended, however, that the above authorities do not apply for the reason that this suit is to recover interest on money oppressively withheld after demand. The oppressive or illegal withholding of the money does not constitute the exception made by the Supreme Court. There must also have been a wrongful obtaining of it. That the money in this case was lawfully collected and lawfully paid over to the city treasurer is not questioned.

It is unnecessary to express our views on the other points discussed. The city was not liable to pay interest, and the judgment is right. Judgment affirmed.