## Andrew Cain et al. v. The City of Wyoming et al.

1. WORDS AND PHRASES—*Franchise Defined.*—A franchise is a royal privilege or branch of the king's prerogative. subsisting in the hands of a subject.  Being therefore derived from the crown, it must arise from the king's grant; or, in some cases, may be held by prescription, which presupposes a grant.—Blackstone.

2. SAME—" *Indebted," as Used in State Constitutions.*—The word "indebted," as used in state constitutions, does not include contracts for the annual supply of municipalities with such necessaries as light and water and of a similar character, and contracts for the payment thereof do not create a debt for the aggregate amount which may become due upon a compliance with the terms of the contract.

3  FRANCHISE—*City Ordinance Granting Right to Use Streets for Waterworks System is Not.*—A city ordinance granting the privilege of constructing and operating a system of waterworks is a mere license. A franchise must be granted by the legislature, and a municipal body can not confer it.

4. PRACTICE—*Power of Judge to Hear and Determine Motions in Vacation Time.*—The judge has authority to hear and determine a motion to dismiss a bill for want of equity upon its face, but he has no authority to dismiss the bill except in term time.

5. MUNICIPAL INDEBTEDNESS—*Ordinance Enacted for the Purpose of Regulating the Maximum Sums to be Paid Annually for a Supply of Water.*—The power delegated to municipal corporations to regulate rates for water supplied by a corporation is not exhausted by the first or any subsequent exercise thereof. but is a continuing one, which may be exercised when needed to prevent extortion.  Such ordinances do not, within themselves, create any indebtedness, but merely establish, subject to review by the courts, that a greater sum can not be lawfully exacted for that commodity.

6. SAME—*Contract of City for Rental of Hydrants.*—Where a city enters into a contract for the rental of water hydrants for a term of twenty years, the agreed price therefor to be paid annually, which sum for any one year is not in excess of the limitation in Sec. 12 of Art. 9 of the constitution, but, taken for the whole term, is in excess of the debt it is authorized to incur, the contract is not prohibited by the constitutional provision, but is legal and binding, there being created no present indebtedness for the whole sum, but only as the rent falls due from year to year.

7. ORDINANCES—*Appropriation Ordinance Prior to One Providing for the Rental of Hydrants from Waterworks Company.*—It is not necessary to pass an appropriation ordinance prior to passing one to provide for the rental of hydrants from the waterworks company.

8. CITIES AND VILLAGES—*No Power to Donate Lot for Site of Water-*

*works Plant Not Owned by City.*—A city proceeding under the provisions of the statute authorizing it to grant a license to a water company to supply water to the city and its inhabitants, has no power to either acquire a lot for the location of such private company, or to give it or its use to such company.

**Bill for an Injunction.**—Appeal from the Circuit Court of Stark County; the Hon. THEODORE N. GREEN, Judge presiding. Heard in this court at the April term, 1902. Affirmed in part, reversed in part and remanded. Opinion filed December 16, 1902.

COVEY, MANN & COVEY, attorneys for appellants; WINSLOW EVANS, of counsel.

FRANK A. KERNS, attorney for appellees.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

The complainants, as residents and taxpayers of the city of Wyoming, Stark county, filed their bill in the Circuit Court of said county to enjoin the city, its officials, and S. V. Deem and E. W. Houghton, from proceeding under a waterworks ordinance of said city, and from executing any contract thereunder or expending any money on account thereof. A temporary injunction was granted by the master in chancery, in the absence of a circuit judge from the county. Answers and replications were filed. A motion to dissolve the injunction was made before one of the judges. of said court in chambers, in Peoria, in vacation, before the June term, 1902, of the Circuit Court of Stark county, where the case was then pending. The motion was not determined until the June term of said court, when an order was entered in term time dissolving the injunction, dismissing the bill for want of equity upon its face, and reserving the assessment of damages for future consideration. From the order dismissing the bill this appeal is prosecuted.

The questions presented by the record, and in argument, for our determination are: First. Does the appeal involve a franchise, and thereby oust this court of appellate jurisdiction? Second. Was the order dismissing the bill in

fact a vacation proceeding which the judge had no authority to enter? Third. Did the ordinance create an indebtedness against the city in excess of five per cent of the assessed valuation of the taxable property of the city? Fourth. Was an appropriation ordinance necessary? Fifth. Was a purchase of a lot by the city, as a site for the water works, and a gift thereof to Deem, *ultra vires?*

We will consider the questions in the above order. The ordinance granted to Deem the right to construct, maintain and operate a system of waterworks within the city; it gave him authority to use the streets for the purpose of installing and operating the plant; it provided the maximum rates to be charged the city and citizens for water supply; it stipulated the terms by which the city might lease or purchase the plant. The question is, does this create a franchise? If it does, we are without jurisdiction to consider the case, as the appeal should have been taken to the Supreme Court.

Appellees, who raise the question here, quoting from Blackstone, define a franchise as follows:

"A royal privilege or branch of the king's prerogative, subsisting in the hands of a subject. Being, therefore, derived from the crown, it must arise from the king's grant; or, in some cases, may be held by prescription, which, as has been frequently said, presupposes a grant."

They assert that the foregoing definition was approved in Belleville v. Citizens' Horse Railway Company, 152 Ill. 185. They also quote from Chancellor Kent and other authorities to the effect that a franchise is a privilege conferred by grant from the government and vested in individuals. The Belleville case above referred to, after giving the foregoing definition of a franchise, proceeds as follows:

"In Chicago City Railway Company v. People ex rel., 73 Ill. 541, this court said that corporate franchises in the American States emanate from the government or the sovereign power, owe their existence to a grant, or, as at common law, to prescription, which presupposes a grant, and are vested in individuals or a body politic. The proposition which is the foundation of appellees' claim was

expressly decided, and decided adversely to such claim, in the case last cited. It was there held, that where a street railway company is incorporated under an act of the legislature, with power to construct, maintain and operate a railroad in a city, upon the consent of the city, and in such manner and upon such conditions as the city may impose, and the city by ordinance grants the privilege of constructing and operating the same upon a certain street, the grant by the city is a mere license, and not a franchise. To the same effect are the subsequent cases of Board of Trade v. People ex rel., 91 Ill. 80; Chicago and Western Indiana Railroad Company v. Dunbar, 95 Id. 571; City of Quincy v. Bull, 106 Id. 327; and Chicago Municipal Gas Light Co. v. Town of Lake, 130 Id. 42."

And in the later case of Lasher v. The People, 183 Ill. 233, the court says: "A franchise must be granted by the legislature, and a municipal body can not confer a franchise." We therefore hold that the ordinance in question did not create a franchise. It follows that the contention that this court is without authority to determine the issues presented, is without merit.

The second contention is that the motion to dissolve the injunction and the order dismissing the bill for want of equity upon its face were proceedings in vacation, and that the order of dismissal exceeded the authority of the judge and was reversible error. The judge had undoubted authority to hear and determine the motion to dissolve in vacation. It is equally certain that he had no authority to dismiss the bill except in term time. However, the record discloses the fact that the orders dissolving the injunction and dismissing the bill were both entered in term time. It was the order of the court, not the judge. The power to dismiss the bill therefore existed. The correctness of the action of the court in dismissing the bill presents another and different question, elsewhere considered in this opinion.

The third proposition is that the ordinance, together with its acceptance by Deem, created a municipal indebtedness prohibited by the constitutional limitation. Section 12, article 9, of the constitution, provides that no city or other municipal corporation shall become indebted in any manner

or for any purpose, to an amount, including existing indebtedness, exceeding, in the aggregate, five per cent of the taxable property therein, to be ascertained by the last assessment for state and county taxes, previous to incurring such indebtedness. By this test the limit of the city of Wyoming to create additional indebtedness at the time of the passage and acceptance of the ordinance was $3,858.15. The ordinance provides that the city shall rent twenty-six hydrants at an annual rental of $60 each, or $1,560 per year, and that the city may rent the plant at an annual rental of $2,400, or purchase it at its cost price, which is not to exceed $28,000. The provisions of the ordinance relating to leasing or purchasing the plant, are mere options which the city may, or may not, exercise. Until exercised they create no indebtedness. The bill contains no averment of either effort or intention to execute them. The real contention is in relation to the portion of the ordinance providing for hydrant rentals at $1,560 per year for twenty years. Appellants argue that this is the creation of a present indebtedness of $31,200, which would bring the case within the constitutional prohibition. This necessitates the consideration of two questions: First, does the ordinance create an indebtedness against the city for hydrant rentals of $1,560 per year? Second, if so, can the annual amounts be aggregated so as to make the total exceed the indebtedness the city is authorized to incur?

A corporation organized under the general law to operate a system of waterworks is a quasi-public corporation and owes the duty of furnishing water at reasonable rates, compliance with such duty being enforcible by the state, acting through its chosen agencies. The act of June 6, 1891, (Laws of 1891, p. 85,) is not an amendment of the charters of municipal corporations, nor a restriction upon the right of corporations organized to furnish water supply, but merely delegates to municipal corporations authority to exercise a governmental power which the legislature could have exercised directly. The power delegated to municipal corporations to regulate rates for water supplied

by a corporation is not exhausted by the first or any subsequent exercise thereof, but is a continuing one, which may be exercised when needed to prevent extortion.  Ordinances enacted for the purpose of regulating the maximum sums to be paid annually for a supply of water do not, within themselves, create any indebtedness, but merely establish, subject to review by the courts, that a greater sum can not lawfully be exacted for that commodity.  The City of Danville v. The Danville Water Company, 180 Ill. 235.  Where a city enters into a contract for lighting its streets for a term of thirty years, the agreed price therefor to be paid monthly, which sum for any one year is not in excess of the limitation in section 12 of article 9 of the constitution, but, taken for the whole term, is in excess of the debt it is authorized to incur, it is held that the contract is not prohibited by the constitutional provision, but is legal and binding, there being created no present indebtedness for the whole sum, but only as the gas should be supplied from month to month.  The City of East St. Louis v. The East St. Louis Gas Light and Coke Company, 98 Ill. 415. In Carlyle Water, Light & Power Company v. The City of Carlyle, 31 Ill. App. 325, the court says:  " There is no merit in the plea that the indebtedness created by the contract exceeded the constitutional limit, the amount being figured on the assumption that the rental of hydrants for twenty-one years was a present indebtedness."   In Saleno v. The City of Neosho, 127 Mo. 627, the court holds that a contract by a city to pay a fixed price annually for twenty years for furnishing water, such payments to be contingent on the water being supplied, does not create an indebtedness on the part of the city within the meaning of the constitution, article 10, section 12, fixing the limit of municipal indebtedness; and that among the authorities which hold that the word "indebted," as used in state constitutions, as in section 12, article 10, of the constitution of Missouri, does not include contracts for the annual supply of municipalities with such necessaries as light and water and of a similar character, and contracts for the payment thereof do not

create a debt for the aggregate amount which may become due upon a compliance with the terms of the contract, may be cited the following: Dively v. Cedar Falls, 27 Iowa, 227; Grant v. Davenport, 36 Iowa, 401; Budd v. Budd, 59 Fed. Rep. 735; Water Co. v. Walla Walla, 60 Fed. Rep. 957; State v. McCauley, 15 Cal. 429; Koppikus v. State Capitol Com'rs, 16 Cal. 248; People v. Pacheco, 27 Cal. 207; Carlyle Water, etc., Co. v. Carlyle, 31 Ill. App. 339; S. C., 140 Ill. 445; Crowder v. Sullivan, 28 N. E. Rep. 94; Valparaiso v. Gardner, 97 Ind. 1; Weston v. Syracuse, 17 N. Y. 110; Utica Waterworks Co. v. Utica, 31 Hun, 430; Smith v. Dedham, 144 Mass. 179; see also, 1 Dillon on Munic. Corp. (4th Ed.) Sec. 135.

We therefore hold that the Deem ordinance did not create an indebtedness in excess of the limitation of section 12 of article 9 of the constitution.

The fourth proposition is that it was necessary to have passed an appropriation ordinance prior to the passage of the Deem waterworks ordinance in order to have made the latter valid in any event. Carlyle Water, Light & Power Company v. The City of Carlyle, 31 Ill. App. 325, Kankakee v. McGrew, 178 Ill. 74, and The City of Danville v. The Danville Water Company, 180 Ill. 235, hold that an appropriation ordinance was unnecessary prior to the passage of the waterworks ordinance.

The fifth proposition relates to the purchase by the city of a certain lot described in the bill of complaint and a donation of it or its use to Deem as a site or location for the waterworks plant. This plant and waterworks system are not installed or owned by the city. They are the private property of Deem, subject to certain regulations by the city. Had the city been possessed of sufficient financial ability to install and own the plant it would have had the undoubted right, under the statute, to have acquired the lot by purchase or condemnation as a site for a plant of its own. But such is not the case. The ordinance clearly demonstrates that the city is proceeding under the provisions of the statute authorizing it to grant a license to a water

company to supply water to the city and its inhabitants. Under such circumstances the city was without authority to either acquire the lot for the purpose stated or to give it or its use to Deem for his private use or gain. Ligare v. City of Chicago, 139 Ill. 46; Washingtonian Home v. Chicago, 157 Ill. 414.

It is not a sufficient reply to say that the answer denies any such purpose or intention on the part of the city. There was no hearing of the cause, but the bill was dismissed for want of equity upon its face, and we must look to the bill alone to determine whether the complainant is entitled to equitable relief. We are of the opinion and hold that the bill shows that the city had no authority to purchase the lot for the purpose stated, or to give it or its use to Deem as a site or location for the waterworks plant. It was, therefore, error to dismiss the bill for want of equity upon its face.

The allegations of the bill relating to the repeal of the sinking fund ordinance of 1899 and the attempted re-appropriation of such funds were not argued in this court by the appellants, and are therefore treated as abandoned.

For the reasons indicated we affirm the order dissolving the injunction, except that part of the injunction relating to the lot; and as to the lot we reverse the order, and we reverse the decree dismissing the bill and remand the cause for further proceedings.

Affirmed in part, reversed in part, and remanded.