## THE CITY OF PEORIA

*v.*

## THE FRUIN-BAMBRICK CONSTRUCTION COMPANY.

*Opinion filed November 8, 1897.*

1. CONTRACTS—*to recover on contract plaintiff must prove performance of conditions or give excuse for non-performance.* There can be no recovery for work done under a contract unless the plaintiff has fully or substantially performed the conditions precedent to his right of recovery as stated in the contract, or has averred and proved a reasonable excuse for their non-performance.

2. SAME—*contract must be fully performed to warrant recovery under common counts.* To warrant a recovery, under the common counts alone, for work done under a contract, the plaintiff must have completely performed his part of the contract, and under such pleadings he cannot be permitted to prove an excuse for its non-performance.

3. INTEREST—*when municipal corporation is chargeable with interest.* In the absence of express agreement a municipal corporation is not chargeable with interest on claims against it, except where money has been wrongfully obtained by it and illegally withheld.

*City of Peoria* v. *Construction Co.* 68 Ill. App. 277, reversed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Peoria county; the Hon. T. M. SHAW, Judge, presiding.

W. T. IRWIN, City Attorney, (STEVENS, HORTON & ABBOTT, of counsel,) for appellant.

ARTHUR KEITHLEY, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This is an action of assumpsit in the circuit court of Peoria county, by the Fruin-Bambrick Construction Company, appellee, against the city of Peoria, to recover for improving Perry street with asphalt pavement.

On April 4, 1894, an ordinance was passed by the city of Peoria for paving Perry street, which provided that the

asphalt to be used should be "equal to the best quality obtainable from the Pitch Lake in the island of Trinidad," and the contract entered into between the construction company and the city of Peoria contains a provision that the quality of asphalt shall be equal "to the best Trinidad asphaltum obtainable from the Pitch Lake in the island of Trinidad, unmixed with coal tar or any of its products; it must be carefully refined and brought to a uniform standard of purity and gravity." It also provides "that samples of the pavement mixture used each day shall be furnished to the city engineer;" that "all materials, of whatever character, not acceptable by the engineer, will be considered rejected, and immediately removed from the vicinity of the work;" that "the work shall be begun at such points and at such time as the department of public works shall direct, and no block shall be closed to the public except when the contractor is actually working;" that "in the interpretation of these specifications, and upon all questions concerning the execution of the work, the decision of the commissioner shall be final;" that the entire work shall be done "under the direction of the city engineer and to the entire satisfaction of the city engineer and commissioner of public works;" that compensation for ninety-five per cent of the work shall be made only after it is completed "to the entire satisfaction of the commissioner of public works and the city engineer," and the remaining five per cent shall be paid at the end of six months, "upon the approval and acceptance of the whole work by the commissioner of public works and the city engineer." On the 28th of August, 1894, after the work of improving had begun, the commissioner of public works notified appellee, by letter, that he had made an inspection of the asphalt it intended to use on the street, and found it did not fill the requirements of the ordinance and the contract, and told it not to place that kind of asphalt upon Perry street, as the work would not be accepted. Notwithstanding the notice appellee

went on with the work and completed it. The work was not superintended by the city engineer, no estimate of the work was made by him and there was no acceptance of it by the commissioner of public works. The work not being accepted by the city, appellee brought this suit to recover for making the improvement.

The declaration consisted only of the common counts, with a copy of the account sued on, to which the city filed the plea of the general issue and *nul tiel* corporation, and upon these issues alone the case was tried, resulting in a verdict for the construction company of $55,794.19, and upon appeal to the Appellate Court for the Second District the judgment of the circuit court was affirmed. The city brings the case to this court upon further appeal.

The chief ground of reversal urged by the appellant in the Appellate Court, and again urged here, is, that there could be no recovery upon the common counts unless there was a complete execution of the contract by appellee, with nothing remaining to be done except the payment of the money by appellant. It is urged, that inasmuch as there were conditions precedent to the right of recovery contained in the contract, it was necessary for plaintiff to aver and prove a compliance with these conditions, or aver and prove a sufficient reason for a non-compliance therewith.

The conditions precedent were as follows: First, the contract called for a special and particular quality of asphalt; second, the work was to be done under the supervision of the city engineer and paid for upon estimates made by him from time to time; third, the estimates were to be approved by the commissioner of public works, before payment; fourth, the work was to be accepted, after completion, by the commissioner of public works, before appellee was entitled to payment or to maintain a suit. The work of improving Perry street was undertaken under this special contract between the construction company and the city. When making its demand, in the

pleadings, it appears from the statement of account filed with the common counts that the work was done by virtue of this contract. The theory then is, under this state of the pleadings, that the plaintiff fully complied with the contract on its part. Much of the evidence in the case, however, is upon an entirely different theory, and that is, that the contract was not complied with, and that the reason therefor was because of the fault of the appellant,—or, in other words, the "captiousness and fraudulent conduct" of the city engineer and the commissioner of public works in not approving and accepting the work as it was being done by appellee. The declaration gives the city no notice of any such a charge of fraud or misconduct as a ground for not performing the conditions of the contract, yet there can be no doubt that the question of the misconduct of the city engineer and the commissioner of public works is the decisive one in this case.

We think there is abundant authority for the rule that when work is done under a contract, as was the case here, the plaintiff can only recover therefor when he has fully or substantially performed the conditions precedent to his right of recovery as stated in the contract, or else averred and proved a sufficient excuse for his non-compliance with its conditions. (*Michaelis* v. *Wolf*, 136 Ill. 71; *Barney* v. *Giles*, 120 id. 154.) The necessary averment is lacking, and the court committed error in permitting testimony to go to the jury for the purpose of impeaching the good faith of the city engineer and the commissioner of public works, and also in refusing the instruction offered by the city, on the theory that, under the pleadings of this case, plaintiff could only recover upon a complete performance of the contract on its part.

It is also contended that the judgment of the court was erroneous in allowing interest on the plaintiff's account against the city. A municipal corporation, under the uniform ruling of this court, is not chargeable with interest on claims against it, in the absence of express

agreement therefor, the only exception being where money is wrongfully obtained and illegally withheld by it. See *Vider* v. *City of Chicago,* 164 Ill. 354,—citing *City of Pekin* v. *Reynolds,* 31 Ill. 529, and *City of Chicago* v. *People,* 56 id. 327.

For the errors in the introduction of testimony and refusing proper instructions under the pleadings of this case, the judgments of the circuit and the Appellate Courts will be reversed and the cause remanded for further proceedings consistent with this opinion.

*Reversed and remanded.*