THE PHENIX INSURANCE COMPANY

*v.*

THE BELT RAILWAY COMPANY OF CHICAGO.

182     33
f188  ²520

182     33
113a   546

Opinion filed October 19, 1899.

1. APPEALS AND ERRORS—*demurrer is waived by pleading over.* A party waives a demurrer, and cannot assign error upon the action of the court in overruling it, when he does not abide by the demurrer but pleads over.

2. SAME—*whether insurance company waived proofs of loss is a question of fact settled in Appellate Court.* Whether proofs of loss were waived is a question of fact upon which the judgment of the Appellate Court is conclusive on further appeal to the Supreme Court.

3. INSURANCE—*when clause in a fire policy limiting time for bringing suit will not be strictly enforced.* An action on a fire policy is not barred though not begun until shortly after the time limited in the policy had expired, where a prior suit for the same loss was begun in time, set for trial and continued under a stipulation agreed to by the parties and approved by the court, but was afterwards, without authority, placed by the clerk on the docket of another judge, who, in ignorance of the facts, dismissed the case, when called, for want of an appearance.

4. SAME—*fire policy construed as covering all cars in possession of belt railway.* An insurance policy upon rolling stock owned or leased by a belt railroad company, and for which the insured is liable, covers all cars in its possession belonging to other companies for which the insured is responsible. (See *Home Ins. Co.* v. *Peoria and Pekin Union Ry. Co.* 178 Ill. 64.)

*Phenix Ins. Co.* v. *Belt Railway Co.* 82 Ill. App. 265, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

This is an appeal from a judgment of the Appellate Court for the First District affirming the judgment of the superior court of Cook county, in an action brought by appellee, against appellant, on a policy of fire insurance.

Appellant issued its policy of insurance indemnifying appellee against loss or damage by fire, among other items, viz.: "$52,750 on rolling stock as described below,

or leased, and for which the assured is liable, which is to be covered wherever it may be," etc., including box, coal and refrigerator as well as flat cars. The policy contained provisions requiring notice in writing by the assured to appellant of loss or damage by fire within six days, and within thirty days from the fire a particular and specific account of the loss, and a failure to give such notice and account within said thirty days rendered the policy void; also, that if the interest of the assured in the property be other than the exclusive ownership the company must be so notified and such interest be so expressed in the written part of the policy, or that should render the policy void; also, that no suit against appellant for the recovery of any claim by virtue of the policy should be sustainable until after an award, as provided by the policy, nor unless such suit should be commenced within twelve months after the date of the fire from which such loss shall occur; also, that any person other than the assured, who may have procured the insurance to be taken by appellant, shall be deemed the agent of the assured, and not of the company.

Five losses occurred during the life of the policy,— October 28, 1892; November 21, 1892; January 9, 1893; August 4 and August 24, 1893. The present suit was commenced on April 6, 1896. The declaration consisted of a special count, in which the policy is set out in full, and the common counts. To this declaration were filed, besides the general issue, three special pleas: First, failure to furnish proofs of loss; second, that the property destroyed was not the property of the assured; and third, that the action was barred by the twelve months' limitation clause in the policy. The last plea was No. 4.

In the second replication to the fourth plea plaintiff averred that within twelve months from the date of the several fires in said declaration set forth, plaintiff brought its action at law in this court against said defendant on October 13, 1893; that thereafter defendant

appeared in said action and filed pleas therein; that thereafter said cause was put at issue and stood for trial before a jury in this court; that on February 9, 1895, a stipulation was made between plaintiff and defendant, providing that a jury be waived and the case set for trial before Judge Payne, one of the judges of this court, and upon such stipulation an order was made by said judge setting said cause down for trial without a jury upon April 3, 1895; that upon stipulations the trial of said cause was set by order of Judge Payne for May 3, 1895, and continued until May 21, 1895, and finally on June 25, 1895, on motion of defendant and on account of the illness of defendant's attorney, an order was made by said Judge Payne continuing the trial of said cause until after vacation of said court; that thereafter the said cause was placed by the clerk of this court, by error and in disregard of said order of said judge, upon the calendar of Judge Sears for trial, and that on January 28, 1896, said cause was called on preliminary or first call of his calendar by Judge Sears, without notice to plaintiff and contrary to the stipulations and contrary to the order upon said stipulations setting said cause for trial before Judge Payne, and an order was made by said Judge Sears, on said preliminary or first call and before said cause was reached for trial, dismissing said cause at the costs of plaintiff for want of prosecution, contrary to said stipulation and contrary to said order of Judge Payne, and that said order of dismissal was made without plaintiff's knowledge or notice, and did not come to its knowledge or notice until after the expiration of the January term, 1896, of this court, at which time said order was made, and immediately thereafter plaintiff requested defendant and its counsel to consent to set aside the said order of dismissal, but defendant refused to do so, and within sixty days from the entry of said order plaintiff brought this action for the same causes of action for which said prior action was brought, and that by reason of the mat-

ter above stated and the stipulation so made, and the order so made by Judge Payne setting said cause for trial before him, said defendant is estopped from pleading in bar to this action that it was not brought within twelve months after the date of said losses. To this replication a general demurrer was filed, but it was overruled by the court. A rejoinder was then filed traversing the facts set up in the replication.

GEORGE S. STEERE, for appellant.

EDGAR A. BANCROFT, for appellee.

Mr. JUSTICE CRAIG delivered the opinion of the court:

It is first contended by appellant that the action is barred because it was not brought within one year after the fire, as required by the terms of the policy. The question whether the action was barred was raised by appellant's demurrer to appellee's second replication to appellant's fourth plea, but when the court overruled the demurrer the appellant did not stand by the demurrer, but filed a rejoinder traversing the facts set up in the replication. The rule is well settled in this State, that where a party to an action desires to have the ruling of the court in overruling a demurrer reviewed on appeal or writ of error he must abide by the demurrer. By pleading over the demurrer is waived. So, also, the right to assign error in the ruling. *Chicago and Alton Railroad Co. v. Clausen*, 173 Ill. 100, and cases cited.

But had the question been preserved we do not regard the ruling of the court in sustaining the replication erroneous. Evidence was introduced on the trial establishing the main facts set up in the replication, from which it appeared that the original action was brought within the time prescribed by the policy; that pleas were filed, upon which issue was taken; that by agreement of the parties a jury was waived and the cause was set for trial before Judge Payne; that after several postponements

by agreement of the parties, upon the application of the appellant, on June 25, 1895, an order was entered by Judge Payne continuing the trial of the cause until after vacation of the court, but, disregarding the solemn agreement of the parties and the previous order of the court, the clerk of the court placed the cause on the trial calendar of Judge Sears, and he, not knowing the agreement made by the parties and having no knowledge of the order of Judge Payne, when the cause was called on his calendar and no one appearing, entered an order dismissing the case from the docket. After parties have made a stipulation in regard to the trial of a cause, with the sanction and approval of the court, to allow a dismissal of the cause to bar an action would seem to be so unfair, unjust and inequitable that it should not receive the sanction of a court established to mete out justice to the parties. Whether the facts set out in the replication may be technically sufficient to constitute an estoppel *in pais* is immaterial. They do show a sufficient excuse for not complying strictly with the terms of the policy in bringing the action, and that is sufficient. *Home Ins. Co. of Texas* v. *Myer*, 93 Ill. 271.

It is next insisted that proofs of loss were not furnished within thirty days after the fire, as required by the policy. Where proofs of loss are served on an insurance company and retained without objection, and the company refuses to pay the loss, denying all liability under the policy on grounds other than defects in the proofs of loss, any further performance of the condition in regard to proofs is waived. (*Continental Ins. Co.* v. *Ruckman*, 127 Ill. 364.) There were here five distinct losses. As to proof under losses 4 and 5 no question is made. As to the other losses, evidence was introduced tending to prove that proofs of loss were furnished within the time required, and also that the insurance company repudiated all liability within thirty days of each of the losses, and thus waived proofs of loss. Whether proofs

of loss were served on the company or were waived was a question of fact which the Appellate Court found against appellant, and the judgment of the Appellate Court is conclusive of the question.

It is also insisted in the argument that the policy does not cover the property destroyed. By the terms of the policy the insurance company insured the railroad company against loss or damage by fire on the following property: "$52,750 on rolling stock as described below, or leased, and for which the assured are liable, which is to be covered wherever it may be, whether in any engine or car house or repair shop, or otherwise upon the line of the road hereby insured, or upon any branch railroad operated by the insured, as their interest may require." The cars destroyed were the property of other railroad companies, and were at the time of the loss being moved over appellee's line of road for other companies, to whom appellee was responsible for any loss that might happen to such foreign cars.

It is claimed in the argument that under the language of the policy the insurance company is only liable for cars owned by appellee or such cars as appellee may have leased. We do not think the language used will bear the construction contended for. On the other hand, we think it is plain that the proper construction to be placed on the language used is that the insurance company assumed responsibility for not only all cars owned or leased by appellee, but also all cars which might be in appellee's possession for which appellee was liable to other persons or companies. Indeed, appellee's main business was moving cars for other companies. It owned but few cars and leased but few, and the object of the insurance was to afford protection for loss which it might be required to pay other companies where cars belonging to such companies might be damaged or destroyed on appellee's line of road, and this fact was known to the insurance company when the policy was issued. A

policy in many respects similar to the one here involved was before this court in *Home Ins. Co. of New York* v. *Peoria and Pekin Union Railway Co.* 178 Ill. 64, where the insurance company was held liable.

Objection is also made to the ruling of the court on the admission and exclusion of evidence, but upon examination we find no substantial error in such ruling.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*