THE WESTERN UNDERWRITERS ASSOCIATION

*v.*

WILLIAM N. HANKINS.

*Opinion filed April 17, 1906.*

1. INSURANCE—*provisions of policy for company's benefit may be waived by it.* Provisions of a fire policy requiring an appraisal in case of disagreement and the furnishing of proofs of loss are for the benefit of the company and may be waived by it, and if there is any evidence tending to establish such waiver the question should be submitted to the jury.

2. SAME—*what tends to show waiver of right to appraisement and proofs of loss.* Evidence that the defendant insurance company offered to pay the amount of the loss as fixed by its adjuster, and, subsequently, as fixed by its own appraiser and the umpire selected by him, the owner's appraiser having refused to act with the umpire selected, and that such offers were unconditional, the only dispute being the amount of the loss, tends to show a waiver by the company of its right to an appraisement and to proofs of loss.

3. SAME—*when defect in verdict is cured by remittitur.* In an action on a fire policy, if there is any evidence tending to show the property was damaged in excess of the amount of the verdict, error in not deducting the amount for which the policy provided, by reason of the fact that another policy had been placed on the property, is cured by a *remittitur* of that amount.

4. INSTRUCTIONS—*effect where instruction omits elements.* An instruction attempting to direct a verdict, which omits an essential fact or element, cannot be cured by another instruction supplying the omission, but if the instruction does not attempt to direct a verdict the omitted fact or element may be so supplied.

5. EVIDENCE—*when letter from owner to insurance company is admissible.* A letter to a fire insurance company from the owner of the damaged building, written after the appraisers had disagreed over the selection of the umpire, in which the owner insisted that disinterested appraisers be appointed before a certain date or he would bring suit, is admissible in an action on the policy as tending to show that the owner was not refusing to submit the question of loss to appraisement under the terms of the policy.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Sangamon county; the Hon. J. A. CREIGHTON, Judge, presiding.

HENRY RUSSELL PLATT, and J. T. GARRETSON, for appellant.

B. GALLIGAN, and ROBERT H. PATTON, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This was an action of assumpsit commenced by the appellee in the circuit court of Sangamon county, against the appellant, upon a fire insurance policy for $2000, covering a livery barn, which was damaged by fire on the 23d day of June, 1903. A trial before a jury resulted in a verdict in favor of the appellee for the sum of $2000, upon which a *remittitur* of $666.67 was entered, whereupon a motion for a new trial was overruled and judgment was rendered in

favor of the appellee for the sum of $1333.33, which has been affirmed by the Appellate Court for the Third District, and a further appeal has been prosecuted to this court.

The appellant made a motion to take the case from the jury at the close of the plaintiff's evidence and again at the close of all the evidence, which the court overruled, and the action of the court in declining to direct a verdict in favor of the defendant at the close of all the evidence has been assigned as error.

The policy was of standard form, and, among other things, provided that the company should not be liable beyond the actual cash value of the property at the time of the loss; that the loss should be determined by the insured and the company, with proper deductions for depreciation, or, if they differed, by appraisers, and the amount of such loss having been determined, the sum for which the company was liable should be payable sixty days after due notice, ascertainment, estimate and satisfactory proof of loss had been received by the company in accordance with the terms of the policy; that if fire occurred, the insured should within sixty days after the fire, unless such time was extended in writing by the company, render a statement to the company, signed and sworn to by the insured, stating his knowledge and belief as to the time and origin of the fire; the interest of the insured, and all others, in the property; the cash value of each item thereof and the amount of loss thereon; all incumbrances thereon; all other insurance covering any of said property, and a copy of all the descriptions and schedules in all the policies; any changes in the title, use, occupation, location, possession or exposure of the property since issuing of the policy, together with other information; that in the event of disagreement as to the amount of loss, the same should be ascertained by two competent and disinterested appraisers, the insured and the company each selecting one, and that the two so chosen should first select a competent and disinterested umpire; that the appraisers together

should then determine and appraise the loss, and, failing to agree, should submit their differences to the umpire, and that the award, in writing, of any two should be *prima facie* evidence of the amount of the loss; that the company should not be held to have waived any condition or provision of the policy, or any forfeiture thereof, by any requirement, act or proceeding on its part relating to the appraisal or to any examination provided for in the policy, and that the loss should not become payable until sixty days after the notice, ascertainment, estimate and satisfactory proof of the loss required therein had been received by the company, including an award by appraisers when appraisal had been required; that the company should not be liable for any loss on the property greater than the proportion which the amount thereby insured should bear to the whole insurance covering the property; that no suit or action on a policy for the recovery of any claim should be sustainable in any court of law or equity until after full compliance by the insured with all the foregoing requirements. In addition to the policy issued to him by appellant, the appellee had a policy upon his building for $1000 in the Anchor Fire Insurance Company.

In response to a notice of the loss by the local agent of appellant, it sent its adjuster, S. E. Lowe, to Springfield to settle the same. Lowe examined the premises and offered appellee $650, being two-thirds of his estimate of the total loss, in full settlement on behalf of appellant. Upon appellee's refusal to accept said sum Lowe notified appellee that under the terms of the policy appellant demanded that the loss be submitted to appraisers for determination, and named S. R. White as appraiser for appellant. After some further negotiations appellee selected M. R. Mulvihill as his appraiser, and thereupon White and Mulvihill selected Fred Gehlman as umpire. The appraisers, White and Mulvihill, failing to agree as to the amount of the loss, notified Gehlman of his selection as umpire. Gehlman, who had previously been notified by the local agent of appellant that he would probably

be selected as umpire, when notified by White and Mulvihill, said he would rather not have anything to do with it; that he had figured on a loss on a former occasion and his experience had been unsatisfactory, and that he would not serve. Mulvihill testified that Gehlman said at that time he did not think he was competent,—that an older man, or one with more experience, should be selected as umpire. Gehlman testified that on the day before White and Mulvihill called upon him to notify him of his selection as umpire, Mulvihill called him up over the telephone and told him that White and himself (Mulvihill) would be around the next day for him (Gehlman) to act as umpire on a fire loss; that he (Mulvihill) did not want him to go on it at all, and that he (Gehlman) had better tell him he would not go on. This telephone conversation is denied by Mulvihill. Upon the refusal of Gehlman to serve as umpire, Mulvihill suggested to White the names of other persons he considered competent to act, but White said that Gehlman was competent and would finally act; that he (White) would insist upon Gehlman acting. Mulvihill then said he did not want Gehlman, as the latter had refused to act and said he was not competent. Thereafter White called on Gehlman privately and obtained his consent to act as umpire. Appellee and Mulvihill persisted in their determination not to consent to the selection of Gehlman, and made further efforts, without success, to secure White's consent to the selection of some other competent, disinterested person to act as umpire. Upon Mulvihill's refusal to act with Gehlman, White and Gehlman formulated an award or appraisal of the loss at $1165.95, and the same was forwarded to appellee by mail, accompanied by a notice from appellant's adjuster, Lowe, that upon execution by appellee of proofs of loss, in accordance with the said award, the same would be paid. Appellee refused to execute the proofs of loss in form as requested, and brought his suit upon the policy to recover the amount of damages sustained.

The first contention made by appellant is, that there is no proof in the record that the appellant waived the provision requiring an appraisement in case the insured and the company failed to agree as to the amount of loss in case of fire, and the provision requiring the assured to furnish the company, within sixty days after the fire, proofs of loss accompanied by the award of the appraisers, which provisions, it is said, are conditions precedent to appellee's right to maintain a suit upon the policy. The provisions of the policy requiring an appraisal in case of disagreement, and the furnishing of proofs of loss, were made for the benefit of the company, and could be waived by it, and the question whether such provisions were waived by the company was a question of fact, (*Phenix Ins. Co.* v. *Belt Railway Co.* 182 Ill. 33,) and if there is evidence in the record, together with the inferences which may legitimately be drawn therefrom, fairly tending to establish a waiver of those provisions of the policy, it was the duty of the trial court to submit the question of waiver to the jury. (*Offutt* v. *World's Columbian Exposition Co.* 175 Ill. 472; *Illinois Steel Co.* v. *McFadden,* 196 id. 344.) The adjuster of the company inspected the building after the fire and then agreed to pay appellee $650 in cash in settlement of his claim. This offer was unconditional, and no question was made at that time by the company as to the ownership of the property or the cause of the fire. The only question then remaining undetermined between the insured and the company was the amount of the loss. The insured declined to accept the offer of the adjuster, and thereupon the parties sought to have an appraisement in accordance with the terms of the policy. The company selected White, and the insured Mulvihill, as appraisers, and they agreed upon Gehlman as umpire. When the appraisers called upon Gehlman he declined to act as umpire, and Mulvihill then sought to have White join him in the appointment of a new umpire. This White declined to do. When Gehlman declined to act as umpire the ap-

praisers had the right to appoint a new umpire. (3 Cyc. p. 659.) When Mulvihill declined to act with Gehlman as umpire, White and Gehlman proceeded to make an appraisement and fixed the total loss upon the building at $1165.95, two-thirds of which represented the amount they claimed should be paid by the company to appellee in settlement of the loss, and thereupon the adjuster filled out proofs of loss fixing the amount to be paid by the company to the appellee in settlement of the loss according to the appraisement made by White and Gehlman, and forwarded such proofs to the appellee, with the request that he sign the same and return to the company and it would pay the amount of the claim fixed by the appraisement and specified in said proofs. Here, again, the company made no question upon the payment of the loss, except as to the amount which it should pay. We think the evidence fairly tended to show that the company waived its right to an appraisement and to proof of loss, (*Niagara Fire Ins. Co.* v. *Bishop,* 154 Ill. 9; *Dwelling House Ins. Co.* v. *Dowdall,* 159 id. 179;) and that the court did not err in declining to take the case from the jury.

It is next contended that the judgment, after the *remittitur* was entered, is excessive. There is evidence in the record fairly tending to show that the property was damaged in excess of the amount of the verdict, and if the verdict was rendered by the jury without deducting from the amount of the loss the amount which the policy provided should be deducted by reason of the fact that a policy for $1000, other than the policy of the appellant, was placed thereon by the appellee, as is contended by the appellant, that defect in the verdict was cured by the *remittitur.* The question of the amount which the plaintiff is entitled to recover, if any, is a question of fact, and when there is evidence fairly tending to support a verdict, this court cannot ordinarily reverse a judgment, after a *remittitur,* on the ground that it is excessive. *Chicago City Railway Co.* v. *Gemmill,* 209 Ill. 638.

It is next contended that the court erred in giving to the jury the second instruction offered on behalf of the appellee. The criticism made upon that instruction is, that it singles out and gives undue prominence to certain facts proven on behalf of the appellee, while facts proven on behalf of the appellant are omitted from the instruction. We do not think the instruction subject to the criticism made thereon. If, however, it is defective in the particular pointed out, it was cured by the seventh instruction given on behalf of the appellant, where the facts claimed to have been admitted were called to the attention of the jury. Instructions are to be read and considered as a series, and while an instruction which omits some fact or element necessary to sustain a recovery or to support a defense, where a verdict is directed, cannot be cured by another instruction which supplies the omitted fact or element, if an instruction does not direct a verdict, it may be cured by another instruction which supplies an omitted fact or element.

It is lastly contended that the court erred in admitting in evidence a letter written by the appellee to the appellant, in which he insisted that disinterested appraisers be appointed on or before July 6 to determine the amount of damages to his building, or he would bring suit. The letter was written to the appellant by the appellee after the controversy over Gehlman acting as umpire had arisen and with a view to induce the appellant to join with him in appointing a disinterested and satisfactory umpire, and was competent evidence to show the appellee was not refusing to submit the question of his loss to an appraisement under the terms of the policy.

Finding no reversible error in this record, the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*