H. R. HEIMBERGER, Admr., Plaintiff in Error, *vs.* THE EL-
LIOT FROG AND SWITCH COMPANY, Defendant in Error.

*Opinion filed June 29, 1910.*

1. PLEADING—*at law the defense of the Statute of Limitations
must be raised by plea.* In actions at law the defense of the Stat-
ute of Limitations must be raised by plea and cannot be raised by
demurrer, even though it may appear from the face of the decla-
ration that the period of limitation for bringing suit has expired.

2. SAME—*party must stand by demurrer if he desires to have
court's action in overruling it reviewed.* A party who desires to
have a higher court review the trial court's action in overruling a
demurrer must stand by the demurrer, and he waives the question
if he pleads over.

3. SAME—*effect of filing rejoinder to replication.* Filing a re-
joinder to a replication after the overruling of a demurrer to the
replication amounts to admitting the sufficiency of the replication
and waives right to assign error on overruling of demurrer.

4. SAME—*when demurrer to rejoinder cannot be carried back
to replication.* A demurrer to a rejoinder to a replication cannot
be carried back to the replication if there is no motion to carry the
demurrer back to the replication, or if the court has already passed
upon the sufficiency of the replication on demurrer thereto.

5. LIMITATIONS—*effect of non-suit.* The distinction between
voluntary and involuntary non-suits, as respects the right to bring
another suit within a year, only becomes material when the non-
suit occurs after the period of limitation for bringing the action has
expired, as before that time any number of suits may be brought,
whether previous non-suits are voluntary or involuntary.

6. PRACTICE—*when cause must be remanded to the Appellate
Court.* Where the Appellate Court reverses a judgment at law
without remanding the cause, upon the ground that the trial court
had no jurisdiction because the cause of action was barred by the
Statute of Limitations, if the Appellate Court was wrong in its
conclusion on that question, which is one of law, the judgment of
the Appellate Court must be reversed and the cause be remanded
to that court to consider other errors assigned upon the record.

WRIT OF ERROR to the Appellate Court for the Fourth
District;—heard in that court on appeal from the City Court
of East St. Louis; the Hon. W. J. N. MOYERS, Judge,
presiding.

WEBB & WEBB, and D. J. SULLIVAN, for plaintiff in error.

PERCY WERNER, and WISE, McNULTY & KEEFE, for defendant in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

Thomas Durkin, a young man seventeen years of age, was employed in defendant in error's shops, and while he was engaged on May 10, 1905, in moving a heavy frog, certain parts of a hoist fell and killed him. Plaintiff in error, the administrator of his estate, brought suit August 16, 1905, under the Injuries act, for the benefit of the next of kin, to recover damages for his death, alleged to have been caused by the negligence of defendant in error. The case was continued to the December term, 1905, and on January 8, 1906, plaintiff in error took a voluntary nonsuit. February 19, 1906, plaintiff in error commenced a second suit, and on that day a declaration was filed and summons served. Defendant in error having filed a plea of not guilty, the suit was dismissed by the court March 28, 1906, on failure of plaintiff in error to file a bond for costs, in compliance with the rule theretofore entered. A third suit was commenced April 4, 1906, and afterwards set for trial January 7, 1907, at which time plaintiff in error applied for a continuance. He was allowed thirty minutes by the court to file an affidavit, which he failed to do, and the suit was then dismissed for want of prosecution. On the same day plaintiff in error commenced this fourth suit for the same cause of action. Defendant in error filed a plea of the general issue and also a special plea of the Statute of Limitations, alleging therein that the cause of action had not accrued within one year next before the commencement of the suit. To the general issue plaintiff in error filed a *similiter,* and to the plea of limitations a special replication alleging that the action ought not to be barred because he

245—29

had brought suit April 4, 1906, within one year after the action accrued, and that judgment by involuntary non-suit was rendered against him in said suit January 7, 1907, and that within one year thereafter, to-wit, on January 7, 1907, he began this suit for the same cause of action. A demurrer filed by defendant in error to the replication to the second plea was overruled, and thereupon defendant in error filed a rejoinder to the replication, setting out the judgment by voluntary non-suit entered January 8, 1906, and alleging that the present suit was not commenced within one year after the death of. Durkin. A demurrer filed by the plaintiff in error to this rejoinder was sustained by the court. Defendant in error excepted to this last ruling of the court and elected to abide by its rejoinder. The trial under the general issue before the jury resulted in a verdict of $3000 in favor of plaintiff in error and judgment was entered thereon. On appeal the Appellate Court held that paragraph 25 of the Limitations act could not properly apply to a suit commenced under the Injuries act, and that the trial court erred in sustaining the demurrer to the rejoinder. On a showing in that court that there were no facts warranting the replication other than those found in the record, the Appellate Court reversed the judgment of the trial court without remanding. The case was thereupon brought to this court for further review by a petition for *certiorari.*

The first question presented for our consideration is whether defendant in error waived its right to rely on the Statute of Limitations by filing a rejoinder to the replication to the second plea after its demurrer to that replication had been overruled. In common law actions "it was always necessary to plead the Statute of Limitations specially." (1 Chitty's Pl.—16th Am. ed.—649, *526.) The defense of this statute cannot be raised by demurrer. (*Langan* v. *Drainage District,* 239 Ill. 430; *Gebhart* v. *Adams,* 23 id. 345; *Norton* v. *Kumpe,* 121 Ala. 446; *Gray* v.

*Grand Trunk Western Railway Co.* 156 Fed. Rep. 736; 25 Cyc. 1396.) And this is so even when it appears on the face of the declaration that the limitation has expired. (*Gunton* v. *Hughes*, 181 Ill. 132; 13 Ency. of Pl. & Pr. 200.) In *Wall* v. *Chesapeake and Ohio Railroad Co.* 200 Ill. 66, which was an action by the administratrix, under the Injuries act, to recover damages for the death of her intestate by reason of the negligence of said railroad company, this court held that the defense of the Statute of Limitations could not be raised by demurrer, even though the declaration showed on its face that more than two years had elapsed between the time of the injury and the time of bringing suit. It is urged here, however, that the bringing of an action of this kind within the year provided for in the present Injuries act is a condition precedent and not a limitation, and that the plea, and not the declaration, shows that the cause was not started within a year. In the case last cited this court held that the bringing of such action within the time allowed by the statute may or may not be a condition precedent, depending on the special facts of each case.

The non-suit set out in the rejoinder to the said replication was voluntary and taken within one year after the death of the deceased. It cannot be seriously contended that the law fixes any limit on the number of successive suits that may be started within the year allowed by the Injuries act. During that period it can make no difference whether the non-suit be voluntary or involuntary. The distinction between voluntary and involuntary non-suits only becomes material when the non-suit occurs after the period allowed by the Statute of Limitations. Defendant in error, in its rejoinder, after setting out the dismissal by voluntary non-suit January 8, 1906, within one year from the death of plaintiff in error's intestate, concludes with the statement that the present suit was not commenced within one year after such death, but does not in any way deny that the

facts set up in the replication to the second plea brought this case within certain exceptions to the Statute of Limitations and prevented the bar of such statute from attaching. The rule is well settled in this State that where a party to an action desires to have an order of the court overruling a demurrer reviewed in a higher court he must abide by the demurrer. By pleading over, the demurrer is waived. (*Phenix Ins. Co.* v. *Belt Railway Co,* 182 Ill. 33; *Chicago and Alton Railroad Co.* v. *Clausen,* 173 id. 100, and cases cited.) By filing a rejoinder to said replication after its demurrer had been overruled, defendant in error admitted the sufficiency of the replication. *Wann* v. *Mc-Goon,* 2 Scam. 74; *Hepler* v. *People,* 226 Ill. 275.

The suggestion, however, has been made that the demurrer filed by plaintiff in error to the rejoinder should have been carried back to this alleged defective replication. There are two sufficient answers to this contention: First, no motion was made by defendant in error to carry the demurrer back to this replication, and therefore no error was committed by the court in failing to do so. (*Town of Scott* v. *Artman,* 237 Ill. 394; *People* v. *Central Union Telephone Co.* 192 id. 307.) Second, had such a motion been made by defendant in error the court could not have carried the demurrer in question back to the replication, for the reason that the defendant in error had already had the judgment of the court on a demurrer to this replication. This would be to ask the court to reconsider its former judgment holding such replication good. While in some jurisdictions the principle that a demurrer searches the entire record has been carried to the extent of applying it to a previous pleading to which a demurrer has already been overruled, (6 Ency. of Pl. & Pr. 331,) this court has· repeatedly held to the contrary. *Town of Scott* v. *Artman, supra; City of Chicago* v. *People,* 210 Ill. 84; *McGann* v. *People,* 194 id. 526; *Fish* v. *Farwell,* 160 id. 236; *People*

v. *City of Spring Valley,* 129 id. 169; *Stearns* v. *Cope,* 109 id. 340; *Culver* v. *Third Nat. Bank of Chicago,* 64 id. 528.

On the state of this record it must be held that defendant in error, by pleading over, waived its right to question the sufficiency of the replication to said second plea. Our holding on this question renders it unnecessary to decide whether said section 25 of the Limitations act applies to actions brought under the Injuries act.

Other questions have been raised in the briefs, both here and in the Appellate Court, including that as to whether there is any evidence justifying a recovery. Under the statute we cannot weigh the evidence, but can only decide whether the rules of law have been properly applied to the facts in the trial and Appellate Courts. The Appellate Court can reverse without remanding where it finds the facts in a controversy different from those found by the trial court and recites the ultimate facts so found in its judgment. That court can also reverse for errors of law which cannot be cured on another trial. (*Harty Bros.* v. *Polakow,* 237 Ill. 559.) The want of jurisdiction in the trial court is an error of law. The Appellate Court's decision on this point being a mistaken one, it must necessarily consider the other errors assigned upon the record in that court.

The judgment of the Appellate Court is therefore reversed and the cause remanded to that court, with directions to enter such judgment as it may deem proper. The clerk of this court is directed to transmit the record herein to the Appellate Court for the Fourth District for further consideration in accordance with these directions.

*Reversed and remanded, with directions.*