272     APPELLATE COURTS OF ILLINOIS.

Saul v. Sup. Ct. of the Daughters of Columbia, 172 Ill. App. 272.

Gottlieb Saul, Defendant in Error, v. The Supreme Court of the Daughters of Columbia, Plaintiff in Error.

### Gen. No. 17,292.

BENEFIT SOCIETY—*proof of death.* Where a benefit society retains the proofs of death and pays part of a death claim, it waives all objections to the proofs not specifically pointed out.

Error to the Municipal Court of Chicago; the Hon. OSCAR M. TORRISON, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Affirmed. Opinion filed October 12, 1912.

ROBERT F. KOLB, for plaintiff in error.

EDWARD R. LITZINGER, for defendant in error.

MR. JUSTICE F. A. SMITH delivered the opinion of the court.

Defendant in error brought suit in the Municipal Court of Chicago against plaintiff in error upon a benefit certificate issued by the latter upon the life of Ottilia Saul, wife of the defendant in error. The benefit certificate provided that plaintiff in error would pay to defendant in error $1,000 in accordance with and under the provisions of the laws governing plaintiff in error's beneficiary fund upon satisfactory proof of death of Ottilia Saul. Mrs. Saul died January 24, 1910. Shortly after, defendant in error called upon the secretary of the society and obtained an advance of $100 on the insurance. Suit was brought for $900 and a set-off of $100 was claimed by plaintiff in error.

It was provided in the by-laws of the society that the proof of death of deceased should state the cause of death and be accompanied by proofs of death of the kind and on the form to be furnished by the defendant (plaintiff in error); it was also provided that the society should be exempt from payment of the death

loss of a member by reason of or superinduced by abortion or criminal operation, whether performed by the member herself or by any other person or persons upon her, or from abortive remedies, either medicinal or instrumental, administered either by herself or by others. The principal grounds of reversal of the judgment in favor of the plaintiff are based on these provisions of the by-laws.

It is urged by plaintiff in error that the proofs of the death should have been accompanied by a copy of the coroner's verdict, because the blanks called expressly for that, and it was never waived by the defendant. It is a sufficient answer to this contention that the affidavit of merits does not set up this defense to the action in accordance with the provisions of Rule 17 of the Municipal Court. Further, we think the plaintiff in error waived all objections to the proofs not specifically pointed out where it retained, as in this case, the proof without objection. Phenix Insurance Co. v. Belt R. Co. of C., 182 Ill. 33; Continental Life Ins. Co. v. Rogers, 119 Ill. 474.

It is urged that the evidence shows that the deceased, Mrs. Gottlieb Saul, died from an abortion that was self-induced, and that, therefore, there was no liability under the contract of insurance. We have examined with care the evidence in the case bearing upon this question. The evidence to sustain plaintiff in error's contention consists of the coroner's inquest and the testimony of Dr. Joseph Springer, the coroner's physician; on the other hand, the defendant in error offered his own testimony and the testimony of Dr. Haley, Dr. Bell and Malvina Letz. Upon a careful consideration of the testimony, we are of the opinion that the evidence supports the finding of the court. Without going into a detailed discussion of the evidence, which would serve no useful purpose in this case, our conclusion is that the plaintiff in error did not prove by a preponderance of the evidence the fact of death

by abortion as set forth in its affidavit of merits. There is much inaccurate use of terms in the testimony and in the argument of counsel; but when the true purport and meaning of the defendant in error's testimony is considered, keeping in mind his limited knowledge of the English language, together with the other testimony offered by the defendant in error, we cannot conclude that the court erred in its finding upon this question. The defense is based upon the theory of Dr. Springer, the coroner's physician, and the finding of the coroner's jury; this, we think, is overcome by the evidence produced on behalf of the defendant in error.

We find no rulings on the question of evidence which call for a reversal of the judgment. The judgment is, accordingly, affirmed.

*Affirmed.*