(No. 15950.—Judgment affirmed.)
REGINA FEDER, Appellant, *vs.* THE MIDLAND CASUALTY COMPANY, Appellee.

*Opinion filed April 24, 1925.*

1. INSURANCE—*when accident policy requires written notice of accident resulting in death.* An accident policy which requires written notice of the accident causing the injury within a certain time thereafter, and in case of accidental death requires immediate notice without stating or repeating the requirement that the notice be written, will be construed to require written notice in death cases, and an oral notice to the agent of the company is not sufficient.

2. SAME—*when proofs of loss are essential to recovery under accident policy.* Under an accident policy which provides that all indemnities, other than those for loss of time on account of disability, shall be paid within sixty days after receipt of proofs of loss, the making of such proofs is a condition precedent to any liability on the policy, even in cases of accidental death.

3. SAME—*waiver of the requirement of proofs of loss must be pleaded.* An alleged waiver of the requirement of proofs of loss as a condition precedent to liability on an accident policy must be pleaded, and where the declaration alleges a performance of the conditions of the policy, the plaintiff cannot claim that the statement of the agent of the insurance company that the company refused to pay because the premium had not been paid constituted a waiver of proofs of loss. (*German Fire Ins. Co.* v. *Grunert,* 112 Ill. 68, and *Evans* v. *Howell,* 211 id. 85, overruled.)

4. PLEADING—*declaration must allege facts relied upon for recovery.* In order to recover the plaintiff must prove the case al-

leged in the declaration, and he can recover only on the allegations of the declaration and not on a case not alleged, even though proved, as the defendant has a right to know what the charges are, in order to properly make his defense and to prevent his being taken by surprise by the evidence at the trial.

5. SAME—*plaintiff suing on contract must aver performance or excuse for non-performance of conditions precedent.* Where the consideration of the defendant's contract is executory, or its performance is to depend on some acts to be done or forborne by the plaintiff, or on some other event as a condition precedent to liability, the plaintiff must aver the fulfillment of the condition or show some excuse for the non-performance.

APPEAL from the Second Division of the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. E. M. MANGAN, Judge, presiding.

MAX LUSTER, (JULIAN J. LUSTER, of counsel,) for appellant.

MILLER, GORHAM, WALES & NOXON, and ORLAF ANDERSON, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

The appellant, as beneficiary under a policy of the Midland Casualty Company insuring her son, David Feder, against bodily injury sustained solely through violent, external and accidental means, (suicide not included,) brought suit for his accidental death by drowning. On the trial the court instructed the jury, at the close of the plaintiff's evidence, to find the issues for the defendant and entered judgment on the verdict rendered in accordance with the instruction. The Appellate Court affirmed the judgment and granted a certificate of importance and appeal to this court.

The declaration contained a single count, in which the policy was set out in full, and the count then alleged the

death of the insured, David Feder, by accidental drowning, on July 4, 1919, the giving of notice on July 6, and the submitting at the same time of satisfactory proof of death. It further alleged generally the performance of all the terms, provisions and conditions of the policy required to be observed on the part of the insured and of the plaintiff. The plea was the general issue. After the evidence was heard by the jury, the plaintiff, by leave of the court, filed two additional counts, to which the defendant filed pleas alleging the requirement of the policy of affirmative proof of loss within ninety days after the date of loss, and that no action should be brought upon the policy prior to the expiration of sixty days after proof of loss, nor unless brought within two years from the expiration of the time within which proof of loss is required by the policy; that the causes of action in the additional counts were not the same cause of action in the plaintiff's original declaration but were other and different causes of action, and such additional counts were not filed within two years from the expiration of the time within which proof of loss was required by the policy. The plaintiff replied to these pleas. The defendant demurred to the replication, and its demurrer was sustained. No error is assigned by the appellant on the sustaining of this demurrer, and the cause is therefore to be determined upon the assignments of error in regard to the trial on the original count.

The policy was issued on May 13, and on July 4 the insured was accidentally drowned at Muskegon, Michigan, while swimming in Mona lake. The last clause in the policy reads:

"In witness whereof, The Midland Casualty Company has caused these presents to be signed by its President and Secretary; but the same shall not be binding on the Company unless countersigned by a duly authorized representative of the Company. P. H. DORR, *Secretary.*        ORLOF CONDESSON, *President.*

"Countersigned at Chicago, Ill., by Edw. J. Nitz,
*Authorized Agent."*

Max Feder, the insured's father, brought his son's body to Chicago. Nitz called him by telephone and said that he knew the son was drowned. He went to the undertaker's, where he saw and identified the body. The funeral was held on July 11, and four or five days later Nitz called at Feder's place of business. Feder said to him, "How about collecting this insurance?" and Nitz replied, "My dear friend, I am awfully sorry, the company refuses to pay." Feder said, "Won't you give me some kind of paper to fill out the death, whatever it is there?" and Nitz said, "I can do nothing for you, the company refuses to pay." Feder asked, "Why?" and Nitz said, "Because the premium has not been paid." On September 9 the appellant's attorney wrote to the appellee at its home office in Milwaukee asking to be sent such blanks as were required in making proof of death, as he desired the same in the matter of David Feder, deceased. The appellee on September 12 acknowledged the receipt of the letter, saying: "You conclude your letter by stating these are for making proof of death in the matter of David Feder, deceased. On referring to our records we do not find any legal notice has yet been given of such a loss by the beneficiary, as required by the policy. If you will have the policy complied with, we will be pleased to take whatever action is required."

In accordance with the requirements of the act of June 15, 1915, (Laws of 1915, p. 472,) in regard to the policies of accident and casualty insurance companies, the policy contained the following standard provisions required by that act:

"(4) Written notice of injury on which claim may be based must be given to the company within twenty days after the date of the accident causing such injury.

"In the event of accidental death immediate notice thereof must be given to the company.

"(5) Such notice given by or in behalf of the insured or beneficiary, as the case may be, to the company at Chi-

cago, Ill., or to any authorized agent of the company, with particulars sufficient to identify the insured, shall be deemed to be notice to the company. * * *

"(6) The company upon receipt of such notice will furnish to the claimant such forms as are usually furnished by it for filing proofs of loss. If such forms are not so furnished within fifteen days after the receipt of notice, the claimant shall be deemed to have complied with the requirements of the policy as to proof of loss, upon submitting within the time fixed in the policy for filing proofs of loss, written proof covering the occurrence, character and extent of the loss for which claim is made.

"(7) Affirmative proof of loss must be furnished to the company at its said office in case of claim for loss of time from disability within ninety days after the termination of the period for which the company is liable and in case of claim for any other loss within ninety days after the date of such loss.

"(9) All indemnities provided for loss, other than that of time on account of disability, will be paid sixty days after receipt of due proof.

"(14) No action at law or in equity shall be brought to recover on this policy prior to the expiration of sixty days after proof of loss has been filed in accordance with the requirements of this policy, nor shall such action be brought at all, unless brought within two years from the expiration of the time within which proof of loss is required by the policy."

The burden was on the appellant, under the allegations of her declaration, to prove that the notice and proof of loss mentioned in these provisions were given to the company. The notice and proof of loss specified in these provisions were not given. The appellant relies upon the conversation which has been related, a few days after the funeral, between Max Feder and Nitz, as notice to the company of the accidental death. Nitz was an authorized agent

of the company.  He countersigned the policy, which stated on its face that it would not be binding upon the company unless countersigned by a duly authorized representative of the company.  The pleading of the general issue admitted the execution of the policy and therefore the authority of the agent who countersigned it.  A notice given by or in behalf of the insured or beneficiary to Nitz would therefore comply with the requirement of the policy of notice to any authorized agent of the company.  The evidence shows that Feder went to Muskegon and brought his son's body home to Chicago.  The son had less than two months before taken out this policy, naming his mother as beneficiary.  She is now claiming the benefit of her husband's act in giving notice to the agent of the company, and the evidence was sufficient to submit to the jury whether he was acting in behalf of the appellant or not.  Conceding the authority of Feder to act for his wife and Nitz for the company, the notice was insufficient because it was not a written notice.  The fourth of the standard provisions of the policy requires written notice of injury on which a claim may be based to be given to the company within twenty days after the date of the accident causing such injury, and in the event of accidental death immediate notice to the company..  The word "written" is not repeated in the latter phrase, but as it first occurs in this provision it applies to every injury on which a claim may be based, which, of course, includes an injury causing death, and there is no reason why a written notice should be required of minor injuries, however small, and the most serious injury which the policy provides against and the greatest loss which the company may incur require only oral notice.  A fair construction of this paragraph requires us to hold that the notice of injury in any case must be written, and in case of accidental death it must also be immediate,—that is, in such convenient time as was reasonably necessary under the circumstances.

Not only was there a failure to give the notice required by paragraph 4, but there was an entire failure to furnish the proofs of loss required by paragraphs 6 and 7. The appellee undertook by paragraph 6, upon receipt of the notice required by paragraphs 4 and 5, to furnish to the claimant the usual forms upon which to make proofs of loss. The appellant seems to have omitted any effort to comply with the conditions of the policy in regard to proofs of loss until her attorney wrote to the home office for forms in September. Had notice been given to the company about July 15, as the appellant contends, then upon the failure to furnish the forms within fifteen days the policy provided that the appellant could comply with the requirements of the policy by submitting within ninety days of July 4, when the accident occurred, written proof covering the occurrence, character and extent of the loss. This period did not expire until October 2, so that the appellant had several weeks in which to make the proof after her attorney's letter to the company on September 9, and even after he had received the reply. The making of proofs was a condition precedent to any liability on the policy, for it expressly provided that all indemnities provided in it for loss, other than that of time on account of disability, should be paid in sixty days after the receipt of proof. Without such proof there could be no recovery, and the court could do nothing but instruct the jury, at the request of the defendant, to find the issues in its favor.

The appellant contends that there was a waiver of the requirement of proofs of loss by Nitz's statement that the company refused to pay because the premium had not been paid. If the company had refused to pay because the premium had not been paid it might be contended with great force that such refusal was a waiver of the requirement of the policy that proofs of loss should be furnished; that the company having placed its defense on one proposition waived all others. The appellant by the pleadings

has not claimed the benefit of this waiver. The declaration has alleged a performance of the conditions and not a waiver of them; that she furnished the proofs,—not that she was excused from furnishing them.

The object of a declaration in an action at law is to state the facts constituting the plaintiff's cause of action upon which he relies to recover, so as to enable the defendant to prepare his defense and meet the facts alleged with appropriate evidence. In order to recover the plaintiff must prove the case alleged in his declaration. It is a primary and elementary principle that a plaintiff can recover only on the case made in his declaration. He cannot make one case by his allegations and recover on a different case made by the proof. (*Moss* v. *Johnson,* 22 Ill. 633; *Menifee* v. *Higgins,* 57 id. 50; *Wabash Western Railway Co.* v. *Friedman,* 146 id. 583.) The defendant has a right to know what the plaintiff charges against him in order to properly make his defense and to prevent his being taken by surprise by the evidence at the trial. (*Wabash Railroad Co.* v. *Billings,* 212 Ill. 37.) It is a familiar principle of pleading that when the consideration of the defendant's contract is executory, or its performance is to depend on some acts to be done or forborne by the plaintiff, or on some other event, the plaintiff must aver the fulfillment of the condition or show some excuse for the non-performance. 1 Chitty on Pleading, 320; *People* v. *Glann,* 70 Ill. 232.

*Rockford Ins. Co.* v. *Nelson,* 65 Ill. 415, was an action on an insurance policy in which the declaration did not set out the performance of the conditions precedent, in which the court said: "The policy, with the conditions annexed, constitute an entire contract, and, in declaring upon the contract, it, or a sufficient portion of it to show a right of recovery, must be set out, either in terms or in substance. * * * But in a case of this character, the money only being payable upon the assured performing certain acts, all such precedent acts should be set out, and their performance

averred. * * * Precedent conditions were not set out in the first count, and hence there was such a variance as should have excluded the policy as evidence under the count, or the instruction to disregard it under that count should have been given."

There can be no recovery on a contract against one party whose performance is dependent on some act to be done or forborne by the other party unless the condition precedent has been fully or substantially performed by the plaintiff or he has averred and proved a sufficient excuse for the non-performance. (*City of Peoria* v. *Fruin-Bambrick Construction Co.* 169 Ill. 36; *Michaelis* v. *Wolf,* 136 id. 68; *Barney* v. *Giles,* 120 id. 154.) The true rule is stated thus in *Hart* v. *Carsley Manf. Co.* 221 Ill. 444: "Though an excuse for not performing a condition is for some purposes equivalent to performance, yet it is not the same thing, and therefore in pleading, performance must never be averred by a party who relies upon an excuse for not performing, but he must state his excuse." (Citing authorities.) This rule is followed in *Expanded Metal Fireproofing Co.* v. *Boyce,* 233 Ill. 284, and *Walsh* v. *North American Cold Storage Co.* 260 id. 322.

The rule announced in *German Fire Ins. Co.* v. *Grunert,* 112 Ill. 68, and *Evans* v. *Howell,* 211 id. 85, that the waiver by the defendant of the performance of conditions precedent to his liability need not be alleged but may be proved under an issue alleging performance is contrary to the weight of authority as well as the principles of sound pleading and has not been followed in the later cases which have been cited.

The judgment will be affirmed.     *Judgment affirmed.*