## BOER v. REVESZ et al.

Circuit Court of Appeals, Seventh Circuit. February 6, 1928.

No. 3860.

1. Banks and banking ⚖=188½—Declaration alleging delivery of money, and defendant's failure to deposit it in Hungarian bank or deliver passbook, held good on general demurrer.

Declaration alleging that plaintiff, a citizen of Indiana, was induced by defendants, citizens of Illinois, to deliver them named amount of money, which they agreed to deposit to plaintiff's credit in Hungarian bank and deliver passbook to her therefor, or return money within reasonable time, that defendants failed to make deposit or deliver passbook, and on demand refused to return money, held to state cause of action.

2. Limitation of actions ⚖=180(1)—Statute of limitations cannot, under Illinois practice, be raised by general demurrer.

The statute of limitations cannot, under the Illinois practice, be raised by a general demurrer to a declaration.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Action by Regina Boer against Albert Revesz and another. Judgment for defendants, and plaintiff brings error. Reversed and remanded, with directions.

John E. Hughes, of Chicago, Ill., for plaintiff in error.

Lester L. Bauer, of Chicago, Ill., for defendants in error.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

PAGE, Circuit Judge. The only question presented by this writ is whether the District Court for the Northern District of Illinois erred in sustaining a general demurrer to the declaration of plaintiff in error.

[1] The declaration, filed June 1, 1925, alleges, in substance:

That plaintiff, a citizen of Indiana, because of representations made to her by defendants, citizens of Illinois, was induced, on or about January 15, 1917, to deliver to defendants $7,150, for which she received an instrument in writing as follows:

"Chicago, Ill., Jan. 15, 1917.

"Received from Mrs. M. Domoko's Oden Boer seven thousand and one hundred fifty dollars for (foreign money) kronen 55,000 to be remitted to Magyar Kirahji Postaresidence Takarekpentztar Budapest.

"Resvesz & Szoeke, per Revesz."

That defendants agreed they would, within a reasonable time thereafter, deposit to plaintiff's credit in the Royal Hungarian Post Savings Bank, 55,000 kronen and deliver to her a passbook therefor, and in event they failed within a reasonable time to deliver the passbook they would return, upon request, the $7,150; that defendants did not deposit the 55,000 kronen to her credit, or deliver a passbook to her therefor, and, upon her demand, made January 15, 1919, refused to return the $7,150 or deliver such passbook, thereby breaching their contract, to her damage in the sum of $12,000.

[2] The record does not disclose in what particular the court found the declaration defective, nor do we have the aid of a brief from defendant in error, but counsel for defendant in error, on oral argument in this court, urged that the declaration is defective, because he is unable to tell therefrom whether the plaintiff is relying upon a written undertaking or an oral one, and he therefore did not know what statute of limitations to plead, and that, in any event, it appeared that the statute of limitations had run against the action. Whether the statute of limitations had run is a question which cannot,

under the Illinois practice, be raised by a general demurrer. Heimberger v. Elliot Switch Co., 245 Ill. 448, 450, 92 N. E. 297. The statute of limitations is an affirmative defense.

We are of opinion that the declaration, though informal, states a good cause of action, and that the judgment should be, and it is, reversed, and the cause remanded, with direction to overrule the demurrer to the declaration.