**LEWIS et al. v. FIRE ASS'N OF PHILADELPHIA.**

No. 10014.

United States Court of Appeals
Seventh Circuit.

June 30, 1950.

Rehearing Denied Sept. 8, 1950.

648

Donald N. Clausen, Herbert W. Hirsh, Norman A. Miller, John P. Gorman, all of Chicago, Ill., for appellant.

Alfred E. Williston, Chicago, Ill., Harold N. Lingle, Anna, Ill., for appellees.

Before KERNER, DUFFY and SWAIM, Circuit Judges.

SWAIM, Circuit Judge.

This appeal is taken from a judgment entered on a verdict rendered for plaintiffs, Granville R. Lewis, III and Natalie Y. Lewis, his wife, in the amount of $1600 in a suit to recover for a fire loss under a policy of fire insurance.

The defendant, Fire Association of Philadelphia, Inc., urges as grounds for reversal rulings of the trial court on evidence, the failure of the court to grant defendant's motion to direct a verdict, and the failure of the court to grant defendant's motion after verdict for a judgment notwithstanding the verdict, or in the alternative, a new trial.

The insured property was a single family dwelling, facing west, located in Northbrook, Illinois, which was constructed in 1939. The center section of the house is two stories in height with an attic and the north and south sections or wings are single story structures, each with a steep east and west roof elevation. The entire building, when originally constructed, was covered with a thatch roof consisting of a layer of felt and an inch to two inch thickness of thatch. The thatch was imported from India and processed in this country. It was introduced into this country about eleven or twelve years ago, and there are five or six such roofs in the Chicago area. There was uncontradicted testimony that the thatch has not been available in this country since the beginning of World War II.

On July 15, 1948, a fire occurred in the thatch on the east slope of the roof of the south wing of the house. Before the fire was extinguished, approximately one-half of the thatch on that part of the roof, or about 1/16 of the entire roof area was burned. The parties agreed that the fire burned approximately two squares of the thatch. Another part of the roof had been damaged in 1944 by windstorm. For that loss the plaintiffs received from another company $475 which was not used to repair the roof. Both plaintiffs testified that the thatch roof was satisfactory prior to the fire, but both admitted that there were bare spots where the thatch had been blown away by the wind.

The policy here involved was issued in 1947 by the defendant in the amount of $10,000. It insured plaintiffs for three years against all direct loss by fire to the extent of the actual cash value of the property at the time of loss, not to exceed the face amount of the policy nor what it would then cost to repair the property with materials of like kind and quality. The policy also provided that in case of loss the insured should submit to the company a proof of loss stating the knowledge and belief of the insured as to the time and origin of the loss, as to the interests of the insured and of others in the property, the amount of the loss, etc. No proof of loss was submitted by the plaintiffs. On the morning after the fire, Mr. Lewis, one of the plaintiffs, notified his insurance broker of the loss and shortly thereafter received a call from an adjuster representing defendant who told Lewis to obtain estimates of the damage, and who thereafter personally inspected the premises. After checking with several roofers, the adjuster offered Lewis $100 in settlement which Lewis refused. The adjuster thereafter contacted the roofer who installed the roof, G. C. Mortenson, who told the adjuster that if the material could be obtained it would be worth approximately $100 per square. The adjuster then called Lewis and increased his offer to $200. This offer was also refused. After this, plaintiffs submitted estimates to the adjuster for the replacement of the entire roof, one for $3800 and one for $3300. Both Lewis and the adjuster testified that nothing was ever

said during these conversations about filing the proof of loss required by the policy. Lewis was never told that he need not file the proof, or that it was required.

When no settlement could be reached, plaintiffs filed suit for $3500 upon which the jury rendered a verdict for $1600 and judgment was entered accordingly.

■ In support of its argument for reversal, the defendant first contends that there was no competent evidence to sustain the verdict. The court, with the acquiescence of counsel for both parties, adopted as the sole measure of damages the difference between the actual cash value of the property immediately before the fire and the actual cash value immediately thereafter. Plaintiffs' witness, Lucius Erskine, a real estate dealer of Glenview, Illinois, testified before the jury that he was familiar with the plaintiffs' house; that he had seen it in March (about four months before the fire); that immediately before the fire it was worth about $33,500; that immediately after the fire, with an asbestos type roof, it was worth about $30,000; and that with a partly thatched roof and about two or three squares of some other type roof it would then have been worth about $25,000. We think that this evidence was sufficient to sustain the verdict. The jury could have reasonably inferred from the evidence that because of the style of architecture of the house (old English) its beauty, and therefore its value, were enhanced by a thatch roof.

■ The defendant also complains that the court refused its offer to prove the original (1939) cost of the entire roof. This evidence was properly excluded since thatch could not be obtained and the parties had agreed that the proper measure of damages was the value of the property before and after the fire. We are also of the opinion that the exclusion of the proof of loss filed by plaintiff on the windstorm loss in 1944 did not constitute reversible error. Lewis testified that he received $475 at that time for the damage to the roof, storm doors and windows. He stated, however, that it had "been quite a while" and he did not remember the details. Exhibits 5 and 6 showed that plaintiffs had actually been paid $475 for the damage to the roof and $38.75 for damage to the doors and windows. Counsel for defendant said he was offering the exhibits to impeach testimony of Lewis and to show that Lewis received $475 for damage to the roof alone. In view of the agreed measure of damages to be used, the difference of $38.75 between the amount testified to by Lewis and the amount shown by these exhibits was insignificant. It would seem clear that the exclusion of these two exhibits did not affect the amount of the verdict.

Defendant also raises the question of the sufficiency of the evidence concerning the question of a waiver of the requirement in the policy for filing a sworn proof of loss within 60 days. Cases are cited by defendant where performance of such a requirement was pleaded but not proved, and it was held that filing of proofs of loss were conditions precedent to liability of the insurer. Feder v. Midland Casualty Co., 316 Ill. 552, 147 N.E. 468; Alton v. American Insurance Co., 260 Ill.App. 209. Recovery was denied in Pardon v. Wasvary, 249 Ill.App. 327, because the insured pleaded but failed to prove a waiver of the requirement of supplying proof of loss. We agree with the law as set out in these cases, but they are not applicable here. Plaintiff in the case at bar pleaded a waiver, and there was sufficient evidence to submit the question of waiver to the jury. Western Underwriters Association v. Hankins, 221 Ill. 304, 77 N.E. 447; Phenix Insurance Co. v. Belt Railway Co., 182 Ill. 33, 54 N.E. 1046. In the former case the court stated 221 Ill. at page 309, 77 N.E. at page 449: " * * * if there is evidence in the record, together with the inferences which may legitimately be drawn therefrom, fairly tending to establish a waiver of those provisions of the policy, it was the duty of the trial court to submit the question of waiver to the jury."

■ While the mere fact of investigation and taking sworn statements on the part of the insurance company concerning the loss does not amount to a waiver of

proof, Levinson v. Fidelity and Casualty Co., 348 Ill. 495, 506, 181 N.E. 321, there was much more in the instant case than an investigation by an agent of defendant. In the case at bar the adjuster investigated the premises, viewed the damage to the roof, contacted roofers for estimates of damage, and made two offers of settlement to plaintiffs. He testified that the offers were made in good faith; that he would have issued a check for $200 if this offer had been accepted; and that nothing was said by him as to the offers being dependent upon formally filing proof of loss. This was sufficient evidence to submit the question of waiver to the jury.

The final argument of the defendant is that the verdict of the jury has no rational or reasonable basis, but was based on conjecture and compromise. Since we agree with the trial court that there was sufficient evidence to sustain the verdict, we cannot agree that this last contention of the defendant has merit.

The judgment is affirmed.