## Minna Katzmann v. The Mosler Safe Company.

1. PRESUMPTIONS—*In the Absence of a Bill of Exceptions.*—Where an appeal is taken from an order of a Circuit Court dismissing a suit appealed from a justice of the peace and no bill of exceptions is filed, the Appellate Court will presume that if filed it would have shown affirmatively the appearance of the appellant, and consequent jurisdiction of the court to dismiss the suit.

2. CIRCUIT COURT—*Presumptions as to its Judgments.*—The Circuit Court is a superior court of general jurisdiction. Its judgments are presumed regular and valid when within the general scope of its power, until the contrary is affirmatively made to appear.

Assumpsit.—Trial in the Circuit Court of Cook County, on appeal from a justice of the peace; the Hon. GEORGE W. BROWN, Judge, presiding. Suit dismissed on call, for want of prosecution; appeal by plaintiff. Heard in the Branch Appellate Court at the March term, 1899. Affirmed. Opinion filed April 11, 1899.

CHARLES PICKLER, attorney for appellant.

PADEN & GRIDLEY, attorneys for appellee.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

Appellant having recovered a judgment before a justice

Katzmann v. Mosler Safe Co.

of the peace against appellee, the latter perfected its appeal to the Circuit Court. The case having been reached on the regular call, the suit was dismissed on motion of the defendant's attorney. The next day the appearance of the plaintiff was entered, and thereafter she moved to vacate the order of dismissal, which motion the court denied, and she thereupon perfected this appeal.

No summons appears from the record to have issued out of the Circuit Court or to have been served upon appellant after the appeal from the justice had been perfected, and the record fails to show affirmatively any appearance by her in that court prior to the order complained of dismissing her suit for want of prosecution. It is urged that the Circuit Court had, therefore, no jurisdiction to dismiss her suit.

It is conceded by appellee that " where an appeal from a judgment of a justice of the peace has been perfected by the filing of an appeal bond in the upper court, and no summons has been issued to bring the appellee into court, and no appearance of any kind has been made by him, the court has no jurisdiction over him, and the dismissal of his suit under such circumstances would be error."

The order denying appellant's motion to vacate the order of dismissal, allows an appeal to this court upon her filing an appeal bond, together with her bill of exceptions, within thirty days. No bill of exceptions was filed. It is contended by appellee that in the absence of such bill of exceptions, we must presume it would have shown affirmatively the appearance of the appellant, and consequent jurisdiction of the Circuit Court to dismiss the suit.

The Circuit Court is a superior court of general jurisdiction. Its judgments are presumed regular and valid when within the general scope of its power, until the contrary is affirmatively made to appear. The mere absence from the record of any evidence of summons or appearance, does not overcome this presumption. Our Supreme Court early adopted the rule that nothing shall be intended to be out of the jurisdiction of a Superior Court but that which specially appears to be so. Kenney v. Greer, 13 Ill. 432, 449; Freeman on Judgments, Sec. 132.

There are no pleadings in appeals from a justice of the peace, and the rule prevails, there being no bill of exceptions, that the finding can not be inquired into by this court, and jurisdiction must be presumed. The Tug Montauk v. Walker & Co., 47 Ill. 335, 341.

The judgment of the Circuit Court is affirmed.