FOURTH DISTRICT—JANUARY, 1923.       497

The People v. Southern Illinois Ry. & Power Co., 227 Ill. App. 497.

## The People of the State of Illinois ex rel. City of Eldorado, Illinois, Appellee, v. Southern Illinois Railway and Power Company, Appellant.

1. MANDAMUS—*jurisdiction of proceeding to compel street railway to comply with ordinance.* The circuit court has exclusive jurisdiction of a petition by a city for mandamus to compel a street railway company to perform the obligations of ordinances under which it was authorized to use the streets of the city to pave between the tracks, and such matter is not within the jurisdiction of the Commerce Commission.

2. MANDAMUS—*enforcement of ordinance requiring street railway company to pave between tracks.* The obligation to pave between its tracks, imposed upon a street railway company by the ordinances under which the railway was authorized to use the streets, is not a contractual one by reason of its acceptance of the ordinance but is one for the benefit of the public generally and is properly enforceable by mandamus on the petition of the municipality.

Appeal by defendant from the Circuit Court of Saline county; the Hon. A. E. SOMERS, Judge, presiding. Heard in this court at the October term, 1922. Affirmed. Opinion filed January 26, 1923.

MILEY & COMBE, for appellant; VAUSE & KIGER, of counsel.

CHARLES THOMPSON and GEORGE E. DODD, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

Appellee filed to the June term, 1920, of the circuit court of Saline county, a petition for a writ of mandamus against appellant. The petition alleges, in substance, that appellant operates an electric line of railroad in said county running through certain streets in the City of Eldorado; that such line of railroad is operated under and by virtue of two ordinances passed and approved by the city council of

appellee on September 5, 1912, and on October 15, 1913; that first of said ordinances was accepted in writing by appellant on September 16, 1912, and the second on November 11, 1913; that said ordinances imposed upon appellant certain duties in regard to making and maintaining a pavement between the rails of its tracks and for a distance of one foot on each side thereof, and also certain duties regarding the laying of its track so that the surface would conform to and be level with the highways and streets upon which said tracks were located. The petition also alleges a failure to comply with these duties and prays that a writ of mandamus be issued compelling the appellant forthwith to repair such pavement and to build the surface of its tracks up to the level of the grade established.

To this petition appellant filed its general and special demurrers based upon two grounds: (1) that the circuit court was without jurisdiction in this matter for the reason that the exclusive jurisdiction to deal with the subject-matter involved herein is vested in the Public Utilities Commission; (2) that the ordinances of the City of Eldorado set out in the petition constitute a contract between the parties, and that mandamus is not a proper remedy and will not lie to enforce the performance of that contract. The court overruled both these demurrers and appellant electing to abide thereby, judgment was entered against it and the writ ordered to be issued. This appeal has been perfected from that judgment.

The Illinois Commerce Commission which has now, in effect, succeeded to the powers and duties of the Public Utilities Commission, is a tribunal of limited jurisdiction. The act creating that commission does not in any way attempt to give to that tribunal, of limited jurisdiction, exclusive jurisdiction over matters such as are involved in this suit. The circuit courts are superior courts of general jurisdiction. (*Katzmann v. Mosler Safe Co.*, 82 Ill. App. 226) and

have jurisdiction of mandamus cases. In order to deprive the circuit court of the jurisdiction it has heretofore had in mandamus proceedings such as are involved here, the Commerce Commission Act must have expressly given that commission exclusive jurisdiction in such cases. In the absence of any such express provision in said act we must hold that the circuit court had jurisdiction of the subject-matter of this suit, and that the special demurrer was therefore properly overruled. The question as to whether the duties, performance of which is sought to be compelled herein by mandamus, are such contractural duties that mandamus is not the proper remedy, involves, in our opinion, the question whether such duties are owed by appellant to appellee alone as a municipality or duties which appellant owes to the inhabitants generally and the public of the municipality.

Our Supreme Court has held that the fact that an ordinance requiring the company to which it was granted should formally accept it, as a condition, had no effect to render the grant a mere private contract. (*People v. Suburban R. Co.*, 178 Ill. 594.) In that case the question was whether or not an inhabitant of the city granting the ordinance could, by mandamus, compel the railway company, to which the ordinance was granted, to comply with certain provisions of the ordinance governing the fares charged by the company. The court held that such provisions would not become mere contract obligations on the part of the company to perform acts beneficial to the village; that the village as a corporate entity had no interest in the acts to be performed; that compliance with the ordinance in the respect under consideration was not beneficial to the village in its corporate capacity, but was a duty to the public to be performed by the company for the benefit of the public, and that therefore mandamus would lie at the instance of any citizen of the village. Substantially the same doctrine was fol-

lowed in *Rogers Park Water Co. v. Fergus*, 178 Ill. 571. The same doctrine was again recognized and approved by the Supreme Court in *City of Chicago v. Chicago Tel. Co.*, 230 Ill. 157. In that case, in approving and discussing the doctrines laid down in the two cases just above cited, the Supreme Court, speaking through Justice Vickers, said: "No individual had in either case a contract with respondents, but the public did have certain rights under the ordinances which respondents were bound to regard. The failure on the part of the respondents to regard these clear rights was the basis of the petition for mandamus and the writ was properly awarded."

In the case at bar, even in the absence of any ordinance, appellant would be under certain obligations in regard to the street it was using. It was for the benefit of the general public that the ordinance set forth and required the performance of the obligations therein mentioned of appellant. In our opinion a public right was involved and we see no reason in either law or logic why the municipality itself is not as well entitled to compel performance of the duties enumerated in the ordinance as a member of the public. We therefore conclude that mandamus will properly lie in this case and that the judgment herein should be affirmed.

*Affirmed.*